David A. Devine, AK Bar No. 7906015
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK 99503
Phone: (907) 562-6474
Fax:    (907) 562-6044

Raymond L. Mariani, NY Bar No. RM2077
Monica L. Irel, Fla. Bar No. 142395
DOMBROFF & GILMORE, P.C.
40 Broad Street, Suite 2000
New York, N.Y. 10004-2382
Phone: (212) 612-9550
Fax:    (212) 625-3150

Attorneys for Defendants
Dallas Airmotive, Inc. and
UNC Airwork Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERA AVIATION, INC., a Washington Corporation, ) ) ) Plaintiffs, ) ) vs. ) ) UNC AIRWORK CORPORATION a/k/a DAI ) Airwork Corporation, a Delaware corporation; ) DALLAS AIRMOTIVE, INC., d/b/a UNC ) Airwork Corporation and DAI Airwork, a ) Delaware corporation; PRATT & WHITNEY ) CANADA, INC., a Canadian corporation; and ) DOES 1 THROUGH 500, Inclusive, ) ) Defendants. ) _____ ) | Case No. A02-0131 CV  (JKS) **UNC's AND DAI'S MOTION TO REQUIRE SUBSTITUTION OF REAL PARTY IN INTEREST OR IN THE ALTERNATIVE TO DISMISS COMPLAINT** |

COME NOW the Defendants UNC Airwork Corporation and Dallas Airmotive, Inc., (jointly "DAI"), by and through counsel, and move that this Court require the substitution of the real party interest as the Plaintiff in this litigation, or in the alternative that this case be

1

dismissed with prejudice.

Rule 17(a) of the F.R.Civ.P. requires that "[e]very action shall be prosecuted in the name of the real party in interest." Recently, Era Aviation, Inc. filed for bankruptcy relief. *See* Voluntary Petition of Era Aviation filed in the United States Bankruptcy Court, District of Alaska, in Case No. 05-02265-DMD, a copy of which is attached hereto as Ex. A. In that bankruptcy proceeding, the Court ordered that Anchorage attorney Cabot Christianson was authorized as counsel for the debtor, Era Aviation, Inc. *See* Order Authorizing Employment of Attorney for Debtor, a copy of which is attached hereto as Ex. B.

On January 26, 2006, in response to an inquiry from Pratt & Whitney's counsel, Era Aviation, Inc.'s bankruptcy attorney advised the attorneys in this case that Era Aviation, Inc. no longer has any interest in the above captioned litigation and that instead the real owner of the claim is Seacor Holdings, Inc. Specifically, Mr. Christianson stated that "Era Aviation, Inc., now in Chapter 11, has no involvement with this suit and does not regard it as property of the bankruptcy estate" and that Era "has no stake in the outcome of the suit." See, E-mail from Cabot Christianson, dated January 26, 2006, a copy of which is attached hereto as Ex. C.

Where a party has admitted that it no longer has any interest in a claim, it is error not to require the substitution of the real party in interest. *Savage Arms, Inc. v. Western Auto Supply*, 18 P.3d 49, 59 (Alaska 2000).[1] The requirement that a claim be prosecuted by the real party in interest is especially important in Alaska because of the exposure of a losing

---

[1] DAI gave Plaintiff notice of its intent to bring this motion and gave Plaintiff one week to voluntarily substitute the real party in interest as the plaintiff in this lawsuit. Plaintiff did not take advantage of that opportunity, making this motion necessary. *See* Ex. D hereto.

party to an award of attorney's fees in favor of the prevailing party. If Seacor Holdings, Inc. is the real party in interest, it should be responsible for any award of costs and attorney's fees should the defendants, or any of them, be successful in this litigation. The defendants should not have to pursue reimbursement from Era in bankruptcy court now that it has admitted that it has no interest in the claim that is the subject of this lawsuit.

Under Civil Rule 17(a) no case should be dismissed on the grounds that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for the substitution of the real party in interest. Therefore, this Court should give Seacor Holdings, Inc. a reasonable amount of time to substitute as the party plaintiff in this case. If, however, Seacor fails to do so within the time allotted by the Court, then this case should be dismissed with prejudice.

Respectfully submitted this 6th day of February, 2006.

Defendants Dallas Airmotive, Inc. and
UNC Airwork Corporation

By:   s/ David A. Devine
    David A. Devine (AK Bar No. 7906015)
    GROH EGGERS, LLC
    3201 C Street, Suite 400
    Anchorage, AK 99503
    Phone: (907) 562-6474
    Fax: (907) 562-6044
    E-Mail: devined@groheggers.com

    Raymond L. Mariani, NY Bar No. RM2077
    Monica L. Irel, Fla. Bar No. 142395
    DOMBROFF & GILMORE, P.C.
    40 Broad Street, Suite 2000
    New York, N.Y. 10004-2382
    Phone:  (212) 612-9550
    Fax:    (212) 625-3150

I HEREBY CERTIFY that on February 6, 2006,
a copy of the foregoing was served **electronically** on:

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICE OF JON A. KODANI
Attorneys for Plaintiff Era Aviation

and by **first class mail** on:

William F. Brattain II, Esq.
BAKER BRATTAIN, LLC
821 N Street, Suite 101
Anchorage, AK 99501
Attorney for Defendant Pratt & Whitney

s/  David A. Devine