Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA 90404
Tel. (310) 453-6762

**Attorneys for Plaintiff**
Era Aviation, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ERA AVIATION, INC.**, a Washington corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>**UNC AIRWORK CORPORATION** a/k/a<br>DAI Airwork Corporation, a Delaware corporation;<br>**DALLAS AIRMOTIVE, INC.** d/b/a<br>UNC Airwork Corporation and DAI Airwork<br>Corporation, a Delaware corporation;<br>**PRATT & WHITNEY CANADA, INC.**,<br>a Canadian corporation; and<br>**DOES 1 through 500**, Inclusive,<br><br>　　Defendants. | Civil Case No.<br>**A02-0131 CV (JKS)** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
"TO REQUIRE SUBSTITUTION OF REAL PARTY IN INTEREST
OR IN THE ALTERNATIVE TO DISMISS COMPLAINT"**



Era v. UNC Airwork et al.　　　　　　Opposition to Motion re Real Party in Interest
ERA Av 4EH/PO/WO Lg23846/20060217

## 1.0 BACKGROUND.

In 2005, plaintiff Era Aviation, Inc.'s interests in this lawsuit were assigned to Offshore Aviation, Inc. as part of a corporate transaction. The defendants have incorrectly alleged that Era's interests were assigned to SEACOR Holdings, Inc.

## 2.0 RULE 17 IS INAPPLICABLE HERE, WHERE IT IS UNDISPUTED THAT THE SUIT WAS BROUGHT BY THE CORRECT PARTY.

There is no doubt that this lawsuit was brought by the correct Real Party in Interest, Era Aviation, Inc. The defendants do not contend otherwise.

The defendants' motion claims that the entity acquiring Era's interests *after* the lawsuit was filed must be substituted under Rule 17 (discussing Real Parties in Interest.) But this issue is governed by Rule 25(c), not Rule 17:

> Rule 25(c) speaks to the situation in which there is 'any transfer of interest' during the pendency of an action. If an interest has been transferred prior to commencement of the suit Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling. **After suit is brought, Rule 25(c) becomes the relevant provision.** (7C Wright & Miller, FED. PRAC. & PROC. CIV. (2nd ed.) § 1958 [emphasis added].)

/ / /

/ / /

## 3.0 UNDER RULE 25, THE ACQUIRING PARTY DOES NOT NEED TO BE SUBSTITUTED AS THE REAL PARTY IN INTEREST.

Rule 25(c) of the Federal Rules of Civil Procedure provides:

> **(c) Transfer of Interest.** In case of any transfer of interest, the action may be continued by ... the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. ...

Rule 25 is discretionary, and does *not* require the substitution of the entity that acquired Era's interests in this lawsuit:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named. An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.

> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party. (7C Wright & Miller, FED. PRAC. & PROC. CIV. (2nd ed.) § 1958.)

Here, the Court should exercise its discretion and *decline* to substitute Offshore Aviation in place of Era Aviation, because the addition of Offshore Aviation as a party will do absolutely nothing to "facilitate the conduct of the litigation."

### 4.0 CONCLUSION:

Based on the foregoing, the defendants' motion (Docket #389) should be denied. To the extent the Court decides to exercise its discretion under Rule 25(c), then plaintiff respectfully requests that the acquiring entity (Offshore Aviation, Inc.) be named as a co-plaintiff (rather than a substitution).

Respectfully Submitted,

Dated: February 17, 2006          s/ Jeffrey J. Williams

Jon A. Kodani, Esq. (*pro hac vice*)
Jeffrey J. Williams, Esq. (*pro hac vice*)
**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA 90404
Tel. (310) 453-6762

Attorneys for Plaintiff
Era Aviation, Inc.

**CERTIFICATE OF SERVICE**
*Era Aviation, Inc. v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]    I hereby certify that on **February 17, 2006**,
I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David A. Devine, Esq.
Ken Eggers, Esq.
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK 99503
Tel. (907) 562-6474
Fax (907) 562-6044
EMail *devined@groheggers.com*

                              s/ Jeffrey J. Williams

                    Jeffrey J. Williams, Esq.
                    LAW OFFICES OF JON A. KODANI

                    **Attorneys for Plaintiff**
                    **Era Aviation, Inc.**

                    2200 Michigan Avenue
                    Santa Monica, CA 90404-3906
                    Tel: (310) 453-6762
                    Fax: (310) 829-3340
                    **Email:** *lojak@kodanilaw.com*

## CERTIFICATE OF SERVICE
*Era Aviation, Inc. v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]   I hereby certify that on ____ **February 17, 2006,**
I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

*-Via FedEx Overnight Delivery –*

**For Defendants UNC Airwork Corp. and Dallas Airmotive, Inc.**
Monica L. Irel, Esq.
DOMBROFF & GILMORE, PC
First Union Financial Center
200 S. Biscayne Blvd., Suite #1050
Miami, FL  33131
Tel. (305) 670-4843
Fax (305) 670-4846

Raymond L. Mariani, Esq.
DOMBROFF & GILMORE, PC
40 Broad Street, Suite 2000
New York, NY  10004-2382
Tel. (212) 612-9500
Fax (212) 742-0161

*-Via FedEx Overnight Delivery –*

**For Defendant Pratt & Whitney Canada Corp.**
William F. Brattain II
BAKER BRATTAIN, L.L.C.
N Street Plaza
821 N Street Suite 101
Anchorage, AK  99501
Tel. (907) 277-3232
Fax (907) 272-4850


          s/ Jeffrey J. Williams

Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI

**Attorneys for Plaintiff
Era Aviation, Inc.**

2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel: (310) 453-6762
Fax: (310) 829-3340
Email: *lojak@kodanilaw.com*