David A. Devine, AK Bar No. 7906015
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK 99503
Phone: (907) 562-6474
Fax:    (907) 562-6044

Raymond L. Mariani, NY Bar No. RM2077
Monica L. Irel, Fla. Bar No. 142395
DOMBROFF & GILMORE, P.C.
40 Broad Street, Suite 2000
New York, N.Y. 10004-2382
Phone: (212) 612-9550
Fax:    (212) 625-3150

Attorneys for Defendants
Dallas Airmotive, Inc. and
UNC Airwork Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERA AVIATION, INC., a Washington Corporation,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>  vs.  )<br>  )<br>UNC AIRWORK CORPORATION a/k/a DAI )<br>Airwork Corporation, a Delaware corporation; )<br>DALLAS AIRMOTIVE, INC., d/b/a UNC )<br>Airwork Corporation and DAI Airwork, a )<br>Delaware corporation; PRATT & WHITNEY )<br>CANADA, INC., a Canadian corporation; and )<br>DOES 1 THROUGH 500, Inclusive, )<br>  )<br>      Defendants.  )<br>_____ ) | Case No. A02-0131 CV (JKS)<br><br><br><br>**UNC'S AND DAI'S REPLY<br>IN SUPPORT OF MOTION<br>TO REQUIRE SUBSTITUTION<br>OF REAL PARTY IN INTEREST<br>OR IN THE ALTERNATIVE<br>TO DISMISS COMPLAINT** |

COME NOW the Defendants UNC Airwork Corporation and Dallas Airmotive, Inc., (jointly "DAI"), by and through counsel, and file this Reply in further support of their motion to require that the party who actually owns the claim asserted in this lawsuit be

1

substituted as the Plaintiff in this litigation, or in the alternative that this case be dismissed.

I

**The Law Office of Jon A. Kodani Is Not Authorized to File Pleadings for Era Aviation**

The named Plaintiff, Era Aviation, Inc., recently filed for bankruptcy relief and failed to disclose this lawsuit as an asset on any bankruptcy schedule. When defense counsel asked Era's bankruptcy attorney about this lawsuit and how it was being treated in the bankruptcy, Era's court-authorized bankruptcy attorney admitted that Era Aviation, Inc. has no interest in the above captioned litigation, "does not regard it as property of the bankruptcy estate" and that Era "has no stake in the outcome of the suit." *See* Ex. C to DAI's motion at Docket 389.

In its Opposition to DAI's motion to require substitution of the real owner of the claim as the named plaintiff in this case, Plaintiff Era Aviation, Inc., did not dispute that it filed for bankruptcy protection. At the outset, it must be noted that although the Law Office of Jon A. Kodani continues to assert on the front page of all pleadings filed with this Court that it is the attorney for "Plaintiff Era Aviation, Inc.", in fact the Bankruptcy Court has **not** authorized that law firm to act as attorney for Era Aviation, Inc. or subject the corporation to potential post-petition liability in the form of a possible award of Rule 82 attorney fees and Rule 68 costs. **Without such an authorization from the Bankruptcy Court, the Law Office of Jon A. Kodani cannot legitimately claim to be the attorney for, and file pleadings on behalf of, Era Aviation, Inc.** 11 U.S.C. § 327(a) and (e); 3 *Collier on Bankruptcy*, 15th Ed., §§ 327.02, 327.03, & 327.04[9]. *See also* email from Cabot Christianson, the only attorney authorized by the Bankruptcy Court to represent Era

Aviation, Inc.[1], to Jon A. Kodani, dated February 22, 2006, and advising Mr. Kodani that he has "no authority" to sign pleadings on behalf of Era Aviation, Inc. and further demanding that Era Aviation, Inc. be removed as even a nominal party to this lawsuit. A true and accurate copy of that email is attached hereto as Ex. A. The Kodani law firm's lack of authority to sign pleadings or make arguments in this case on behalf of Era Aviation, Inc. is a powerful reason why the party that actually owns the claim asserted in this lawsuit must be substituted for Era Aviation, Inc. as the party plaintiff.

II

**Era Aviation, Inc. Has No Interest in This Lawsuit**

Plaintiff does not dispute the fact that Era Aviation, Inc. has no interest or stake in this litigation. Indeed, Plaintiff expressly admitted that last year "Era Aviation, Inc.'s interests in this lawsuit were assigned to Offshore Aviation, Inc. as part of a corporate transaction." Opposition at 2 (Docket 390). Plaintiff does not explain who Offshore Aviation, Inc. is nor how it came to own the claim asserted in this lawsuit. Nevertheless, it is now clear from Plaintiff's own admissions, both in the bankruptcy proceeding and in this litigation, that Era Aviation, Inc. does **not** own the claim being asserted here.

However, despite its admissions, Plaintiff still argues that Era Aviation, Inc., not the actual owner of the claim, should appear as the named plaintiff in this case against its will because requiring the true owner to maintain the claim would do "nothing to facilitate the conduct of the litigation." The Opposition does not even try to suggest why the real owner of the claim should not prosecute it or why a non-owner in bankruptcy who has disclaimed

---

[1] See Order attached as Ex. B to DAI's motion at Docket 389.

all interest in the outcome and who cannot be represented by its current counsel in this case would make a better plaintiff.

The sole argument in the Opposition is that Rule 25 of the F.R.Civ.P. gives a court **discretion** to order a party who acquires a claim being litigated to substitute as plaintiff, but does not absolutely require the court to do so. "The rule is 'designed to allow an action to continue unabated when an interest in a lawsuit changes hands,' rather than requiring the initiation of an entirely new lawsuit.'" *ELCA Enterprises, Inc. v. SISCO Equipment Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995). Here, DAI is not asking that this case be dismissed and that the true owner of the claim be required to start over with new litigation. DAI is asking only that the real owner of the claim be substituted for a non-owner in bankruptcy who has recently admitted that it has no claim to assert. In a case where a claim owner filed bankruptcy and abandoned its interest in a lawsuit to another, except for the right to receive a percentage of any recovery, the court determined that joinder of the new owner as a plaintiff was "both proper and necessary to facilitate the conduct of [the] litigation." *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 892 F.Supp. 347, 361 (D. N.H. 1995). Here, Era Aviation, Inc. admitted that it kept no interest whatsoever in the lawsuit so a complete substitution of the party plaintiff is appropriate.

Regardless of whether the Court orders a substitution under Civil Rule 17 or Civil Rule 25, what is certain is that substitution should be ordered. The named plaintiff should be the party that actually owns the claim asserted. Indeed, if Era Aviation, Inc. were to remain a named plaintiff, then its admissions and conduct in bankruptcy would require the dismissal of its claims in this litigation. The doctrine of judicial estoppel, which prevents a

4

party from assuming inconsistent positions in litigation, prohibits a plaintiff/debtor from prosecuting a lawsuit that is not timely disclosed as an asset in a bankruptcy proceeding because such non-disclosure is "tantamount to a representation that no such claim existed." *In re Superior Crewboats, Inc. v. Primary P & I Underwriters*, 374 F.3d 330, 335 (5th Cir. 2004).  S*ee also*, *Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003).  Put simply, a party cannot prosecute a claim in one forum, while admitting in another, as Era Aviation, Inc. has done here, that it has no claim to prosecute.

III

**Conclusion**

This Court should give Offshore Aviation, Inc., or whatever entity actually owns the claims being asserted here, a reasonable amount of time to identify itself, allege the details of its right to recover on the claims asserted, and substitute for Era Aviation, Inc. as the party plaintiff in this case.

If, however, the real owner of the claims fails to do so within the time allotted by the Court, then this case should be dismissed with prejudice based on the named plaintiff's admissions, both in this court and in its bankruptcy proceeding, that it has no claim to assert against the defendants.

Respectfully submitted this 1st day of March, 2006.

    Defendants Dallas Airmotive, Inc. and
    UNC Airwork Corporation

By:   s/ David A. Devine
    David A. Devine (AK Bar No. 7906015)
    GROH EGGERS, LLC
    3201 C Street, Suite 400
    Anchorage, AK 99503
    Phone: (907) 562-6474
    Fax:   (907) 562-6044
    E-Mail: devined@groheggers.com

    Raymond L. Mariani, NY Bar No. RM2077
    Monica L. Irel, Fla. Bar No. 142395
    DOMBROFF & GILMORE, P.C.
    40 Broad Street, Suite 2000
    New York, N.Y. 10004-2382
    Phone: (212) 612-9550
    Fax:   (212) 625-3150

I HEREBY CERTIFY that on March 1, 2006,
a copy of the foregoing was served **electronically** on:

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICE OF JON A. KODANI
Attorneys for Plaintiff Era Aviation

and by **first class mail** on:

William F. Brattain II, Esq.
BAKER BRATTAIN, LLC
821 N Street, Suite 101
Anchorage, AK 99501
Attorney for Defendant Pratt & Whitney

s/ David A. Devine