William F. Brattain II (7305007)
BAKER BRATTAIN LLC
821 N Street Suite 101
Anchorage AK 99501
907 277 3232 (Telephone)
907 279 2323 (Facsimile)
brattain@bakerbrattain.com (email)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS, INC., a New York Corporation; and ERA AVIATION, INC., a Washington Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PRATT & WHITNEY CANADA, INC., et. al.<br><br>Defendants. | Case No. A02-0131 CV (JKS) |

### JOINDER IN DALLAS AIRMOTIVE' OPPOSITION TO PLAINTIFF'S NOTICE OF SUBSTITUTION OF REAL PARTY-IN-INTEREST

Pratt Whitney Canada joins Dallas Airmotive's opposition to plaintiff's attempt to have Era Helicopters, LLC substituted for Era Aviation, Inc., a the real party in interest.

For months, in a spirit of collegial cooperation and without wishing to impose further burdens on a court whose efforts to impose order in a veritable mêlée of *Daubert* motions and other pretrial stratagems, PWC has asked the plaintiff's counsel for something that would document who, if anyone, owned this claim; how it was acquired, from whom and for how much. See, Exhibits A- *Production Requests To Plaintiff Era Aviation, Inc. By*

EXHIBIT A

*Defendant Pratt & Whitney Of Canada, Inc.,* January 30, 2006. Despite repeated attempts to obtain this information, no documentation has been forthcoming. *See, Exhibits B & C, Correspondence: Brattain/Williams*

Yet, in an affidavit filed by Anna Gross, who claims to be the Chief Financial Officer for Era Helicopters, LLC, she asserts: *6.0 In July, 2005, Era Aviation, Inc. assigned all of its rights, liabilities, and interests in this litigation to Offshore Aviation, Inc. Thereafter, Offshore Aviation, Inc transferred those same rights, liabilities and interests to Era Helicopters, LLC.*

Based upon this averment, it seems Ms. Gross does have access to some sort of documents which leads her to these conclusions. The question is: Should Era Helicopters LLC be allowed to be willy-nilly substituted for Era Aviation on this scant record and after PWC has made timely requests for this very same information? The answer is, of course, no.

PWC asks this court, prior to allowing this substitution, to require the owner of the claim (whomever that may be) to produce the documents previously requested by PWC and allow it a reasonable opportunity, after production, to further respond to the motion to substitute Era Helicopters, LLC.

Date: April 14, 2006                    BAKER BRATTAIN LLC


By: _____
William F. Brattain
Alaska Bar Association 7305007
Attorney for PWC

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3232 Facsimile: 907.279.2323

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jon A. Kodani, Esq.
Jeffrey J. William
LAW OFFICES OF JON A KODANI
2200 Michigan Avenue
Santa Monica CA 90404
Tel: 310 453 6762
Fax: 310 829 3340
Email: lojak@kodanilaw.com

David A. Devine
GROH EGGERS, LLC
3201 C St., Suite 400
Anchorage, AK 99503-3967
Email: devined@groheggers.com

I, William F. Brattain, hereby certify that a copy of the foregoing pleading and any supporting exhibits were mailed, first postage prepaid, on April 14, 2006 to:

Jon A. Kodani, Esq.
Jeffrey J. William
LAW OFFICES OF JON A KODANI
2200 Michigan Avenue
Santa Monica CA 90404
Tel: 310 453 6762
Fax: 310 829 3340

David A. Devine (ABA 7906015)
GROH EGGERS, LLC
3201 C St., Suite 400
Anchorage, AK 99503-3967
Tel: 562-6474  Fax: 562-6044

Michael D. Hall
Office of the Clerk

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3232 Facsimile: 907.279.2323

Federal Building, United States Courthouse
222 W. 7th Avenue, Box 4 Room 229
Anchorage, AK 99513-7564
A02-0131 CV (JKS)

_____
William F. Brattain II

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907.277.3232  Facsimile: 907.279.2323

William F. Brattain
Alaska Bar Association 7305007
BAKER BRATTAIN, LLC
N Street Plaza
821 N Street Suite 101
Anchorage, Alaska  99501
(907) 277-3232
brattain@bakerbrattain.com

Attorneys for Defendant
Pratt & Whitney Canada, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ERA AVIATION, INC.                )
                                  )
            Plaintiff,            )
                                  )
    vs.                           )
                                  )
UNC AIRWORK CORP., et.al.         )
                                  )
            Defendants.           )
_____)
Case No. A02-0131 CV (JKS)

PRODUCTION REQUESTS TO PLAINTIFF ERA AVIATION, INC.
BY DEFENDANT PRATT & WHITNEY OF CANADA, INC.

COMES NOW defendant Pratt & Whitney Canada, Inc., pursuant to Rules 26, 33 and 34, Fed. R.Civ.P., REQUESTS the defendant, ERA Aviation, Inc. , to PRODUCE, within thirty (30) days, the following documents requested for inspection and copying at the offices of BAKER BRATTAIN, LLC, N Street Plaza, 821 N Street Suite 101, Anchorage, Alaska.

P&WC Request For Production To ERA                                    1
January 30, 2006
Page 1 of 7

### Request for Production

This request is directed to ERA AVIATION, INC. and its attorneys. It calls for production of documents or things in your possession, custody or control, and for documents or things that are in the possession, custody or control of your agents, employees, attorneys, representatives, or other persons who have documents deemed to be in your possession, custody or control.

These requests are deemed to have continuing effect, so that if after production or supplemental production are served and filed, further facts or information on the subject of any of the requests for production should come to the knowledge of the plaintiffs, their employees, agents, representatives or attorneys, such additional information or data will be promptly supplied as required by Rule 26(e), Alaska Rules of Civil Procedure.

A motion for protective order will be made in advance of the time of trial to exclude any and all evidence which is requested in these requests for production and not timely answered either originally or by supplementation.

### OBJECTIONS TO DISCOVERY

It is not intended that these requests for production require the disclosure of any information that is protected

Baker Brattain
821 N Street, Suite 101
Anchorage, AK 99501
Telephone: 907-277-3232 Facsimile: 907-279-2323

against disclosure as work product of attorneys or information protected by privilege. Accordingly, whenever information requested herein is claimed to be protected against disclosure as "work product" or "privileged" and is withheld on that ground, please provide a written response with the following information:

a. A description of the information sufficiently particular to identify it and to enable plaintiff to identify, disclose or produce it in response to an order of the court;

b. The nature of the protection claimed; and

c. A list of all persons with knowledge of the information.

## INSTRUCTIONS AND DEFINITIONS

1. Each request calls not only for the knowledge of the plaintiff, but also for all information that is available to the plaintiffs by reasonable inquiry of their agents, employees, representatives, attorneys, or others acting on their behalf.

2. As used in these requests, the following terms are defined as follows:

a. "Document" means any tangible thing upon which has been placed handwriting, typewriting, printing, photographing, or any other form of recording, communication or representation

including letters, words, pictures, sounds, symbols or combination thereof.

b. The masculine includes the feminine and the singular includes the plural.

c. "Person" means any natural person, corporation, partnership, joint venture, association or other legal entity.

d. "Communication" means any transfer of information, ideas, opinions, or thoughts by any means at any time or place, under any circumstance, and is not limited to transfers between persons, but includes other transfers such as records and memoranda to files.

e. "Statement" means any oral, written, stenographic, or recorded declaration of any kind or description.

f. "Incident" refers to the events described in your complaint.

Request No. 7: PLEASE PRODUCE all documents including by way of description and not limitation, all contracts of sale by and between Era Aviation, Inc., and Seacor Holdings Inc.. relating to the sale of stock; and/or assets of Era Aviation, Inc.

Response:

Request No. 8: PLEASE PRODUCE all documents including by way of description and not limitation, all contracts of sale by and

P&WC Request For Production To ERA                                                    4
January 30, 2006
Page 4 of 7

between Era Aviation, Inc., and Capital Source Finance, Inc., relating to the financing arrangement between it and Era Aviation, Inc.

Response:

Request No. 9: PLEASE PRODUCE all documents between Era Aviation, Inc., and Capital Source Finance, Inc., which refer to this lawsuit (*Era Aviation, Inc v. UNC Airworks, et. al. Case No. A02-0131 CV (JKS)*) directly or indirectly.

Response:

Request No. 10: PLEASE PRODUCE all documents between Era Aviation, Inc., and Seacor Holdings Inc., which refer to this lawsuit (*Era Aviation, Inc v. UNC Airworks, et. al. Case No. A02-0131 CV (JKS)*) directly or indirectly.

Response:

Request No. 11: PLEASE PRODUCE all documents between Capital Source Financing, Inc., and Seacor Holdings Inc which refer to this lawsuit (*Era Aviation, Inc v. UNC Airworks, et. al. Case No. A02-0131 CV (JKS)*) directly or indirectly, and which are in possession of Era Aviation, Inc.

Response:

P&WC Request For Production To ERA
January 30, 2006
Page 5 of 7

5

1  Request No. 12: PLEASE PRODUCE all documents between Capital
2  Source Financing, Inc.; Seacor Holdings Inc.; and/or Era Aviation,
3  Inc. which purport to transfer, by sale, assignment or otherwise,
4  an interest in this lawsuit (*Era Aviation, Inc v. UNC Airworks, et.*
5  *al.* Case No. A02-0131 CV (JKS).
6  Response:

9  DATED: January 30, 2006

10  BAKER BRATTAIN, LLC

12  By: _____
13
14  William F. Brattain
    Alaska Bar Association 7305007
    Attorneys for Defendant
15  Pratt Whitney Canada

## CERTIFICATE OF SERVICE

I, William F. Brattain, hereby certify that a copy of the foregoing pleading and any supporting exhibits were mailed, first postage prepaid, on January 30, 2006 to:

Jon A. Kodani, Esq.
Jeffrey J. William
LAW OFFICES OF JON A KODANI
2200 Michigan Avenue
Santa Monica CA 90404

David A. Devine
GROH EGGERS, LLC
3201 C St., Suite 400
Anchorage, AK 99503-3967

Raymond L Mariani
Dombroff & Gilmore, P.C.
40 Broad Street  Suite 2000
New York NY 10004-2382

_____
William F. Brattain II

P&WC Request For Production To ERA
January 30, 2006
Page 7 of 7

7

*law offices of*
JON A. KODANI

March 13, 2006                                                              **VIA FAX**

William F. Brattain II
BAKER BRATTAIN, L.L.C.
N Street Plaza
821 N Street Suite 101
Anchorage, AK 99501

Re: USAU v. UNC Airwork etc., et al. (ERA Av 4EH)
   USDC (Alaska) Case No. A02-0131 CV (JKS)
   Our Work Order No. Lg21423

Dear Mr. Brattain:

**0.0 Background:**
Thank you for your e-mail dated March 10, 2006.

**1.0 Observations:**
Without waiving any of our client's objections, there has been no response to your document requests because Judge Singleton has not authorized any post-cutoff discovery.

   1. In any event, we believe it would be best to wait for the Court to rule on the merits of your client's pending motion before engaging in more discovery.

   2. For example, if your client's motion is denied, then the document requests would seem to be moot.

Should you have any questions, or require further information, please do not hesitate to call.

Sincerely,

LAW OFFICES OF
JON A. KODANI

JEFF WILLIAMS

cc: All Counsel (via fax)

USAU v. UNC Airwork et al.                 1
                                                          ERA Av 4EH/WO/FO/MO/C&M

*2200 Michigan Avenue, Santa Monica, California 90404-3906, Tel. (310) 453-6762, Fax (310) 829-3340*

EXHIBIT B

## William Brattain

**From:** William Brattain [brattain@bakerbrattain.com]
**Sent:** Thursday, March 16, 2006 5:13 PM
**To:** Jeffrey A. William
**Cc:** 'Polesak, Rick'; brattain@bakerbrattain.com
**Subject:** PWC v. ERA (?)

Jeffrey,

Confirming our various telephone conversations and to clarify my intent as to the scope of the pending discovery requests, these request seek information which was conveyed by ERA on which it intended potential/actual third party purchasers to rely upon relating to it evaluation of the value of its helicopter fleet; its over all profitability; and, particular, all statements made regarding this litigation.

As I stated to you and now confirm, again, my intent is to explore any discrepancies, expressed or implied, in his testimony in this case and representations/statements made by Rowan/ERA in connection with the sale of the company to potential/actual third party purchasers.

If you can make good faith inquiry and satisfy yourself that no such statements or representations were made then I will accept your representations in that regard. On the other hand, if such statements were made and/or may have been made, then I expect production of such documents in due course. If you are unwilling to produce such statements, after ascertaining that they may, in fact, exist, then we can go to the judge for the purpose of arguing about reopening discovery to some limited extent. The point is, of course, that I have no desire to fight a battle for the production of documents that may not, in fact, exist.

I trust this note adequately clarifies the scope of the pending discovery requests and accurately reflects our conversations in this regard.

Best regards,

Bill Brattain



4/13/2006