MAY 16 '06 8:47

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA 90404
Tel. (310) 453-6762

**Attorneys for Plaintiff**
Era Aviation, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ERA AVIATION, INC.**, a Washington corporation,   )<br>  )<br>   Plaintiff,   )<br>  )<br>vs.   )<br>  )<br>**UNC AIRWORK CORPORATION** a/k/a   )<br>DAI Airwork Corporation, a Delaware corporation;   )<br>**DALLAS AIRMOTIVE, INC.** d/b/a   )<br>UNC Airwork Corporation and DAI Airwork   )<br>Corporation, a Delaware corporation;   )<br>**PRATT & WHITNEY CANADA, INC.**,   )<br>a Canadian corporation; and   )<br>**DOES 1 through 500**, Inclusive,   )<br>  )<br>   Defendants.   )<br>_____)   | Civil Case No.<br>**A02-0131 CV (JKS)** |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO "REOPEN DISCOVERY"**




Era v. UNC Airwork et al.                Opposition to Motion to Reopen Discovery
ERA Av 4EH/PO/WO Lg23916/20060516

**1.0 Summary.**

*The defendants want to reopen discovery so they can take more depositions, hire more expert witnesses, propose more opinion testimony that will require more Daubert reviews, and further delay the trial of this already much-delayed lawsuit.*

This case arises from a helicopter crash that occurred almost **six years ago**. This lawsuit was filed almost **four years ago**. Discovery closed more than **nineteen months ago**. (See, Docket #199). In Docket #398 and 399, the defendants ask the Court to reopen discovery (*again*), so that defendant Pratt & Whitney may propound still more document requests to the plaintiff. The plaintiff opposes the defendants' motion, and responds as follows:

> Because discovery problems are presented in every case, and because in many cases discovery must close before a district court can consider dispositive motions with all evidence in hand, district courts need to be able to control or limit discovery in order to advance the progress of their trial dockets. The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one. As we have emphasized more generally, '[d]istrict courts have 'wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.' [Citations omitted.] (Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. (D.Or.) 2006).)

/ / /

/ / /

ERA Av 4EH/PO/WO Lg23916/20060515

## 2.0 The Defendants' Motion Is Designed To Further Delay The Trial of This Lawsuit, And The Defendants Will Suffer No Prejudice If The Motion Is Denied.

The defendants do *not* want to try this case. Instead, they want to delay the trial for as long as they can, hoping to make the case so unreasonably expensive that plaintiff is forced to settle on the defendants' terms. Their motion to reopen discovery is nothing more than another attempt by the defendants to further delay trial.

1. The court may presume that *denying* the defendants' motion to reopen discovery will result in *no* actual prejudice of any kind to the defendants, because neither Pratt & Whitney's motion (Docket #398) nor DAI's joinder (Docket #399) bothers to identify any such prejudice.

2. Likewise, the defendants have also failed to identify any legitimate "good cause" that would justify an order reopening discovery **more than nineteen months after discovery closed**.

3. On the other hand, if discovery *is* reopened, then the plaintiff will suffer actual prejudice, because the defendants will surely seek permission to depose even more witnesses who can interpret any documents that are produced, thus further delaying trial and increasing plaintiff's costs and expenses.

/ / /

/ / /

### 3.0 Reopening Discovery Will Disrupt The Court's *Daubert* Review Of Proposed Expert Witness Testimony.

If discovery *is* reopened, then the court's ongoing *Daubert* review of proposed expert witness testimony will be disrupted.

1. The defendants say they want to reopen discovery on the "valuation of the claims acquired" by Era Helicopters, LLC (Docket #399, p. 2). If that is true, then the defendants must also seek to at least temporarily abate – *for several months* – the court's ongoing *Daubert* review of proposed opinion testimony so that the defendants can hire (then designate) still more expert witnesses who are qualified to express opinions on any "valuation" issues.

2. Thus, if discovery *is* reopened, **the court's *Daubert* review process will be disrupted**, and the trial of this already much-delayed lawsuit will surely be delayed yet *again*, causing *more* prejudice to the plaintiff.

### 4.0 The Proposed Discovery Is Not Related To The "Subject Matter" Of This Action.

The defendants' proposed document requests all relate to the issue of the proper real party in interest. With regard to that issue, the defendants are truly making a figurative mountain out of a literal molehill.

1. It is undeniably true that *when this lawsuit was filed*, it was filed in the names of the *proper* real parties in interest. The defendants do not (and have never) suggested otherwise.

2. Long *after* the lawsuit was filed, the names of the real parties changed, when Era Aviation, Inc.'s claims were assigned to Era Helicopters, LLC. (See, Docket #395 [Decl. of Anna Goss, p. 2, ¶ 6.0].)

3. To further delay the trial of this case, the defendants view this very ordinary business transaction as an opportunity to *again* reopen discovery and propound overbroad document requests, thereby leading to more motions, more depositions, more delays, more expert witness testimony, and more prejudice to the plaintiff in the way of added expenses and costs.

4. The defendants say that the proposed discovery requests (Docket #398, Exh. A) will yield information that shows "who, if anyone, now owns the claims, how he/she/it acquired the right to assert them, the consideration given in connection with that acquisition, and any valuation of the claims acquired." (Docket #399, p. 2.) But this information is definitely *not* related to the "subject matter" of this lawsuit – and therefore, *the proposed discovery requests seek information that is outside the scope of permissible discovery* (Fed.R.Civ.P. 26(b)(1) - because the "subject matter" of this case is a helicopter crash, not an inter-company transfer of business claims. In any event, much of the information the defendants claim they need has already been provided in the form of Ms. Goss's declaration (Docket #395).

5. Defendant DAI's joinder (Docket #399) demonstrates the truly frivolous nature of the motion to reopen discovery. In that joinder, DAI says that more discovery is needed to resolve "conflicting reports" about who owns this claim. But there are no such conflicts.

6. The declaration of Anna Goss (See, Docket #395) is clear and unambiguous. To the extent the defendants say they were mislead by erroneous statements made by Era's bankruptcy lawyer that falsely suggested this claim had been assigned to Seacor Holdings, that is an issue the defendants can take up with the bankruptcy lawyer without reopening discovery.

7. Notably, that same bankruptcy lawyer who provided misinformation to the defendants has never provided this court with an affidavit to contradict the declaration of Anna Goss. Without such an affidavit, Ms. Goss's declaration stands unchallenged, and there is no conflict in the evidence that would warrant an order reopening discovery at this late date.[1]

///

///

---

[1] The proposed substituted real party (Era Helicopters, LLC) is a Delaware company (Goss Decl., p. 2, ¶ 2.0) and thus, it shares citizenship with the UNC/DAI defendants. However, because the substitution is being made under Rule 25 (instead of Rule 17), the court maintains subject matter jurisdiction based on diversity of citizenship, which was established when this lawsuit was initially filed on behalf of the correct real party in interest. (See, e,g, Freeport-McMorRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).)

### 5.0 Conclusion.

Based on the foregoing, plaintiff respectfully submits that the court should exercise its discretion and *deny* the defendants' motion to reopen discovery (Docket #398 and 399) as unsupported by good cause.

Respectfully Submitted,

Dated: May  16 , 2006                              s/ Jeffrey J. Williams

Jon A. Kodani, Esq. (*pro hac vice*)
Jeffrey J. Williams, Esq. (*pro hac vice*)

**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA  90404
Tel. (310) 453-6762

Attorneys for Plaintiff
Era Aviation, Inc.

## CERTIFICATE OF SERVICE
*Era Aviation, Inc. v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]   I hereby certify that on **May 16, 2006**,
I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**For Defendants UNC Airwork Corp. and Dallas Airmotive, Inc.**
David A. Devine, Esq.
Ken Eggers, Esq.
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK 99503
Tel. (907) 562-6474
Fax (907) 562-6044
EMail *devined@groheggers.com*
      *wardm@groheggers.com*

**For Defendant Pratt & Whitney Canada Corp.**
William F. Brattain II
BAKER BRATTAIN, L.L.C.
N Street Plaza
821 N Street Suite 101
Anchorage, AK 99501
Tel. (907) 277-3232
Fax (907) 272-4850
EMail *brattain@bakerbrattain.com*
      *williamfbrattain@hotmail.com*

s/ Jeffrey J. Williams

Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI

**Attorneys for Plaintiff
Era Aviation, Inc.**

2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel: (310) 453-6762
Fax: (310) 829-3340
**Email:** *lojak@kodanilaw.com*

## CERTIFICATE OF SERVICE
*Era Aviation, Inc. v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]    I hereby certify that on _____**May 16, 2006**,
I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

*-Via FedEx Overnight Delivery –*

**For Defendants UNC Airwork Corp.
and Dallas Airmotive, Inc.**
Monica L. Irel, Esq.
DOMBROFF & GILMORE, PC
First Union Financial Center
200 S. Biscayne Blvd., Suite #1050
Miami, FL  33131
Tel. (305) 670-4843
Fax (305) 670-4846

Raymond L. Mariani, Esq.
DOMBROFF & GILMORE, PC
40 Broad Street, Suite 2000
New York, NY  10004-2382
Tel. (212) 612-9500
Fax (212) 742-0161


_____s/ Jeffrey J. Williams_____

Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI

**Attorneys for Plaintiff
Era Aviation, Inc.**

2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel: (310) 453-6762
Fax: (310) 829-3340
**Email:** *lojak@kodanilaw.com*

ERA Av 4EH/PO/WO Lg23916/20060515