Jon A. Kodani, Esq. (*pro hac vice*)
Jeffrey J. Williams, Esq. (*pro hac vice*)
**LAW OFFICES OF JON A. KODANI**
2200 Michigan Avenue
Santa Monica, CA  90404
Tel. (310) 453-6762
**Attorneys for Plaintiff**
Era Helicopters, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **ERA HELICOPTERS, LLC**, a Delaware company, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. |
| vs. ) | **A02-0131 CV (JKS)** |
| ) | |
| **UNC AIRWORK CORPORATION** a/k/a ) | |
| DAI Airwork Corporation, a Delaware corporation; ) | |
| **DALLAS AIRMOTIVE, INC.** d/b/a ) | |
| UNC Airwork Corporation and DAI Airwork Corporation, ) | |
| a Delaware corporation; ) | |
| **PRATT & WHITNEY CANADA, INC.**, ) | |
| a Canadian corporation; and ) | |
| **DOES 1 through 500**, Inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S FIRST SUPPLEMENTAL TRIAL BRIEF

Pursuant to the Court's Order (Doc. 413), plaintiff Era Helicopters, LLC, respectfully submits this First Supplemental Trial Brief to respond to the defendants' objections to plaintiff's trial exhibits:

Era Helicopters v. UNC Airwork et al.          Plaintiff's First Supplemental Trial Brief

Era Av 4EH/PO/WO Lg24175/20070223

1.     **P1** (CT Disk Ass'y, exemplar, stand mounted)

Defendants' Objections: "Lacks foundation, request testimony of accuracy, scale. Rule 403 objection."

Plaintiff's Response:  Plaintiff does *not* seek to have this exhibit (a three-dimensional cut-away model of the engine) admitted into evidence or allowed in the jury room during deliberations.  Instead, this exhibit will be used only as an illustrative aid to help explain the testimony of various witnesses.

This exhibit demonstrates mechanical principles, including the relationship between the various internal component parts of a model PT6 helicopter engine.  The relationship between these engine component parts is relevant, because much of the testimony in this case will center on how those component parts work, and which parts (if any) were damaged by the alleged misuse of the engine.  (*See*, *e.g.*, Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1466 (10th Cir. (D.N.M.) 1994) [affirming trial court's decision to admit model of airplane's fuel system into evidence].)  This exhibit does not purport to be an exact recreation of the engine that was involved in this crash.

Foundation will be provided by plaintiff's expert witnesses (Rupert and Stimpson).  Any differences between the model and the real engine can be explored on cross-examination.  (Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1329-1330 (5th Cir. (W.D.La.) 1996).)

2.    **P9A** (PWC Service Bulletin 5406)

Defendants' Objections: "Irrelevant - not version in effect on date of accident. Confusing."

Plaintiff's Response: This exhibit is referenced in the deposition testimony of Mr. Weldon Walshe (pp. 88-93). Mr. Walshe's videotaped deposition testimony will be shown to the jury by the plaintiff. Mr. Walshe's testimony will show that although this bulletin was not in effect on the date of the crash, it was in effect when the defendants attached new blades to the CT disk in 1998.

3.    **P9B** (Photo, N174EH w/ bucket)

Defendants' Objections: "Irrelevant - markings not related to facts at issue. No foundation. Confusing."

Plaintiff's Response: This exhibit is referenced in the deposition testimony of Mr. Les Hanberg (pp. 30-33). Mr. Hanberg's videotaped deposition testimony will be shown to the jury by the plaintiff. Mr. Hanberg's testimony will show that he witnessed the events leading up to the crash, and the marks on this photograph were made by Mr. Hanberg during his deposition to accurately depict such things as the direction of the wind and the location of the dip pond where the water buckets were filled.

Era Av 4EH/PO/WO Lg24175/20070223

4.    **P17A** (UNC-Millville Detail Inspection Record)


Defendants' Objections: "Violates Court order requiring exclusion of red tag and all

related evidence."


Plaintiff's Response:  There is no order requiring the exclusion of this exhibit.  To the

contrary, the Court's order expressly allows the admission of the red tags and related

evidence.  (Doc. 376).


5.    **P17B** (Berthe/Ortuso Report No. TL-1603 (redacted))


Defendants' Objections: "Irrelevant information."


Plaintiff's Response:  This exhibit is the written report prepared by defendant PWC

after the engine was torn down at PWC's facility in Canada.  The report contains

relevant information regarding PWC's conclusions as to the cause of the engine

failure.  In fact, the same report is marked as an exhibit on the defendants' own

exhibit list.  (Doc. 421, p. 4, Def. Exh. No. D20.)  The report has been properly

redacted to delete references to inadmissible hearsay statements allegedly made by

the NTSB and others to PWC employees.


/ / /

/ / /

6.     **P21** (UNC Stock Request)


Defendants' Objections: "Violates Court order requiring exclusion of red tag and all related evidence."


Plaintiff's Response:  There is no order requiring the exclusion of this exhibit.  To the contrary, the Court's order expressly allows the admission of the red tags and related evidence.  (Doc. 376).


7.     **P43** (Photos, cockpit, exemplar)
       **P44** (Photos, cockpit, exemplar)
       **P45** (Photos, cockpit, exemplar)


Defendants' Objections: "Irrelevant.  No foundation as cockpit at issue."


Plaintiff's Response: These photographs will be used as an illustrative aid to help explain the testimony of various witnesses.

These photographs of the cockpit in a Bell model 412 helicopter demonstrate piloting principles, including the relationship between the various switches and gauges.  The relationship between these cockpit components is relevant, because much of the testimony in this case will center on how those components work, and whether the pilot could have had enough time to release the water bucket. This exhibit does not purport to be an exact recreation of the cockpit of the helicopter that was involved in this crash.

Era Av 4EH/PO/WO Lg24175/20070223

Foundation will be provided by plaintiff's expert witnesses (Scanlan and Stimpson). Any differences between the photographs and the real cockpit can be explored on cross-examination. (Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1329-1330 (5th Cir. (W.D.La.) 1996).)

8.     **P102** (Shadrick USDA Helo Pilot Qualification Card)
     **P108** (Shadrick Certificate of Completion)
     **P109** (Corr, FAA Authorization as Check Pilot)
     **P110** (Corr, ERA Request for Check Pilot Authorization)
     **P111** (Corr, FAA Authorization as Check Pilot)
     **P112** (Shadrick Certificate of Completion, BH412 Ground School)
     **P113** (Shadrick Flight Safety Record of Training, BH412)
     **P114** (Shadrick FAR 135 Competency/Proficiency Record)
     **P115** (Era Pilot Information Sheet)

Defendants' Objections: "Irrelevant under court order excluding Shadrick qualifications. Rule 403 - unfairly prejudicial given court exclusion of evidence critical of Shadrick's qualifications. Hearsay."

Plaintiff's Response: These documents are relevant because they demonstrate that the pilot was properly trained and qualified to fly the model Bell 412 helicopter on this particular mission.

The defendants' objections are frivolous. There is no court order that "excludes evidence critical of Shadrick's qualifications."

9.    **P123** (Helicopter Control Panel, drawing)


Defendants' Objections:  "Lack of foundation as same as helicopter N174EH. Irrelevant."


Plaintiff's Response:  This drawing will be used as an illustrative aid to help explain the testimony of various witnesses.

This drawing of the cockpit of a Bell model 412 helicopter demonstrates piloting principles, including the relationship between various switches and gauges. The relationship between these cockpit components is relevant, because much of the testimony in this case will center on how those components work, and whether the pilot could have had enough time to release the water bucket. This exhibit does not purport to be an exact recreation of the cockpit of the helicopter that was involved in this crash.

Foundation will be provided by plaintiff's expert witnesses (Scanlan and Stimpson).  Any differences between the photographs and the real cockpit can be explored on cross-examination.   (Guillory v. Domtar Industries Inc., 95 F.3d 1320, 1329-1330 (5th Cir. (W.D.La.) 1996).)


10.    **P130** (Interagency Helicopter Passenger/Cargo Manifests)


Defendants' Objections:  "No foundation.  Confusing - weight unrelated to accident flight.  Hearsay."


- 7 -

Plaintiff's Response:  This exhibit demonstrates that during the days leading up to the crash, the subject helicopter was frequently flown with passengers (not a water bucket) at weights far below the maximum weight allowed by the helicopter manufacturer.  This evidence is relevant because it tends to refute the claims made by the defendants' experts, who theorize that the helicopter was flown so frequently with too much weight that the CT disk eventually failed.

These documents were produced by the U.S. Government in response to a properly served Notice of Deposition.  The documents are not hearsay. (FED.R.EVID. 803(5) [*records of regularly conducted activity*]; 803(8) [*public records and reports*]; 807 [*residual exception*].)

11.     **P159** (PWC Overhaul Manual 3017043)

Defendants' Objections:  "Irrelevant.  No foundation."

Plaintiff's Response:  This exhibit is the Overhaul Manual for the subject engine written by defendant PWC.  This manual describes the procedures that should have been (but were not) followed by defendant UNC in 1998, when it negligently failed to replace the red-tagged CT disk.  Specifically, this manual states that when certain areas of the dick have been damaged in any way, the disk must be replaced, and the damage cannot be repaired.  Foundation will be provided by plaintiff's expert witness (Rupert).

12.    **P161** (Larew exhibit, BlueBook)

**P162** (Larew exhibit, component time status)

**P163** (Larew exhibit, sales contract (AirLogistics))

**P164** (Larew exhibit, sales contract (FAASA))

**P165** (Larew exhibit, chart, fleet hours and revenue)

**P166** (Larew exhibit, shipping costs and employee expenses)

**P167** (Larew exhibit, summary of damages)

**P168** (Chart, Scanlan, Summary of facts and data)

**P169** (Chart, Scanlan, Flight path data)

**P170** (Chart, Scanlan, Terrain elevation)

**P171** (Chart, Scanlan, Analysis tasks)

**P172** (Chart, Scanlan, Height-velocity curve)

**P173** (Photos, Scanlan, Crash site)

**P174** (Chart, Scanlan, Chronology of events)

**P175** (Chart, Scanlan, Summary of conclusions)

**P176** (Rupert resume)

**P177** (Rupert, chart, assignments)

**P178** (Rupert, metallurgical mount (actual))

**P179** (Rupert, SEM photos)

**P183** (Rupert, diagram, CGB cross-section)

**P184** (Rupert, chart, opinions re CT disk)

**P189** (Rupert, chart, maintenance history)

**P190** (Rupert, chart, opinions re drive shaft)

**P193** (Spectrograph analysis docs)

**P211** (Chart, Stimpson, conclusions)

Defendants' Objections: "Lack foundation.  Hearsay without exception.  Redundant of testimony by an expert witness."

Plaintiff's Response:  These exhibits are all referenced in the revised written direct examination testimony of plaintiff's expert witnesses.  (Docs. 4-7, 48, 4009, 4210

and 411.)  This testimony has already been approved as admissible by the Court. (Doc. 404.)  Foundation for all of the challenged exhibits will be provided by plaintiff's expert witnesses.  None of the exhibits constitute inadmissible hearsay. The defendants' "redundant" objection is unintelligible, given the fact that all of these exhibits are referenced in the court-approved direct examination testimony that will be provided by plaintiff's expert witnesses.

13.     **P212** (Photo, fractured CT disk)

Defendants' Objection: "Lacks foundation."

Plaintiff's Response: This photograph accurately depicts the condition of the CT disk when the disk was removed form the engine by defendant PWC on February 6, 2001.  Foundation (if necessary) can be provided by Mark Jones, who was present during the engine teardown.  (*P2050135#1eng.jpg*)

14.     **P213** (FAR 14 CFR § 145.57 (1998))

Defendants' Objection: "Not facts.  Law falls outside the jury's preview [sic] to determine.  Irrelevant."

<u>Plaintiff's Response:</u> This objection is unintelligible.  This exhibit (a federal regulation that describes the standards applicable to defendants' work on the CT disk) is specifically referenced in the direct examination of plaintiff's expert witness (Stimpson), and the Court has already approved Mr. Stimpson's testimony.


Respectfully Submitted,

Dated:  February __23__, 2007               **LAW OFFICES OF JON A. KODANI**

<div style="margin-left:40%">

<u>s/  Jeffrey J. Williams</u>

By:      Jon A. Kodani, Esq.
         Jeffrey J. Williams, Esq.

2200 Michigan Avenue
Santa Monica, CA  90404
Tel. (310) 453-6762
EMail *lojak@kodanilaw.com*

Attorneys for Plaintiff
Era Helicopters, LLC

</div>

**CERTIFICATE OF SERVICE**
*Era Helicopters, LLC v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]    I hereby certify that on _____**February 23, 2007**_____,
I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**For Defendants UNC Airwork Corp.**
**and Dallas Airmotive, Inc.**
David A. Devine, Esq.
Ken Eggers, Esq.
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK  99503
Tel. (907) 562-6474
Fax (907) 562-6044
EMail *devined@groheggers.com*
        *wardm@groheggers.com*

**For Defendant Pratt & Whitney**
**Canada Corp.**
William F. Brattain II
BAKER BRATTAIN, L.L.C.
N Street Plaza
821 N Street Suite 101
Anchorage, AK  99501
Tel. (907) 277-3232
Fax (907) 272-4850
EMail *brattain@bakerbrattain.com*
        *williamfbrattain@hotmail.com*

_____s/ Jeffrey J. Williams_____

Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI

**Attorneys for Plaintiff**
**Era Aviation, Inc.**

2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel: (310) 453-6762
Fax: (310) 829-3340
**Email: *lojak@kodanilaw.com***

- 12 -