```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF ALASKA


ERA HELICOPTERS, LLC, a Delaware    )
Company,                            )
                                    )
                    Plaintiff,      )
                                    )
        vs.                         )
                                    )
UNC AIRWORK CORPORATION, a/k/a DAI  )
Airwork Corporation, a Delaware     )
corporation, et al.,                )
                                    )   No. 3:02-cv-00131-JKS
                    Defendants.     )
_____)
```

## NOTICE TO PARTIES

      I have been approached by Judge Singleton with the idea that I might sit with the parties to this case as a settlement judge. My initial impression was that it might be inappropriate for me to have anything to do with this case because of the following circumstances.

      From the mid-1960s until 1984, the law firm with which I was associated was counsel for ERA Helicopters, Inc. While I was first an associate and then a partner in various law firms in Anchorage during the foregoing time period, I had an extremely close business and personal relationship with Carl Brady, Sr., and I personally did most of ERA's legal work other than that involving insurance carriers.

When ERA Helicopters was sold to Rowan Drilling Company (more recently Rowan Companies), I became a stockholder in Rowan. I am still a stockholder in Rowan.

My professional relationship with ERA Helicopters was terminated in mid-1984 upon my appointment to the district court. I had an ongoing personal relationship with Carl Brady, Sr., until his death.

It would clearly be inappropriate for me to become involved in this litigation if Rowan retained any conceivable interest in the claim. It is my subjective view that it might be inappropriate for me to attempt to assist the parties in this litigation if the claim which is the subject of this action arose prior to the sale of ERA by Rowan, or if long-time ERA personnel (those who were employed by ERA during the time it was owned by Rowan) were in any fashion associated with the claim in question.

All of the foregoing being said, I am under the impression from Judge Singleton that ERA Helicopters, LLC, is: (1) an entirely different corporate and business entity from the company with which I was familiar, and (2) that ERA Helicopters, LLC, may no longer own the claim which is being asserted.

If any party to this litigation will be uncomfortable for any reason with my being designated a settlement judge for purposes of this case, that party should notify Judge Singleton on or before March 12, 2007, so that arrangements for another settlement judge can be made. Before I make a final decision about whether I should participate in a settlement conference — even if the parties are

agreeable — I wish to know whether any ERA Helicopters employees that I would have known are in any fashion involved in this case and who the present beneficial owner of the claim is.

        DATED at Anchorage, Alaska, this <u>2nd</u> day of March, 2007.

<u>/s/ H. Russel Holland</u>
United States District Judge