David A. Devine, AK Bar No. 7906015
GROH EGGERS, LLC
2600 Cordova Street, Suite 110
Anchorage, AK 99503
Phone: (907) 562-6474
Fax:     (907) 562-6044
devined@groheggers.com

Raymond L. Mariani, NY Bar No. RM2077
NIXON PEABODY LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
Phone: (516) 832-7520
Fax:     (516) 832-7555
rmariani@nixonpeabody.com

Attorneys for Defendants
Dallas Airmotive, Inc. and
UNC Airwork Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ERA HELICOPTERS, LLC, a Delaware Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. A02-0131 CV  (JKS) |
| UNC AIRWORK CORPORATION a/k/a DAI Airwork Corporation, a Delaware corporation; DALLAS AIRMOTIVE, INC., d/b/a UNC Airwork Corporation and DAI Airwork, a Delaware corporation; PRATT & WHITNEY CANADA, INC., a Canadian corporation; and DOES 1 THROUGH 500, Inclusive, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | **DAI'S MOTION FOR RULINGS OF LAW RE: RECOVERABLE DAMAGES** |

On March 1, 2007, counsel for the parties conferred at the offices of Baker Brattain

in Anchorage, Alaska in order to prepare the Proposed Pretrial Order mandated by the Court

in its Order at Docket 413. At the conference, it became clear that the parties have fundamental differences regarding the scope of damages Era may be able to recover under this Court's prior rulings. All counsel concurred that their fundamental differences made productive settlement discussions unlikely absent clarification from the Court regarding what damages may be recoverable. See Joint Status Report at Docket 445.

Defendants UNC Airwork Corporation and Dallas Airmotive, Inc. (hereinafter "DAI") therefore file this motion for rulings of law on the following three issues:

***Issue No. 1 – What damages may Era recover for property loss resulting from the destruction of its helicopter?***

A.    Era wanted the following statement placed in the Proposed Pretrial Order in the section for legal issues already decided by this Court: "Plaintiff may recover damages covered by insurance. (Doc. 333)."

B.    Defendants wanted the following statement placed in the Proposed Pretrial Order: "Plaintiff may ***not*** recover damages covered by insurance. (Doc. 333, Doc. 404, and Doc. 439)."

## Undisputed Facts

DAI believes there is no dispute as to the following basic facts concerning this issue:

1.    On August 13, 2000 a helicopter owned by Era Aviation, Inc. crashed in Nevada and was destroyed.

2.    Era claims the value of the helicopter immediately before the crash was $2,100,000.00.

3.     Era's hull insurer, United States Aviation Underwriters ("USAU") paid Era $2,047,500.00 for the loss.  Era's deductible was $52,500.

4.     Upon payment of the $2,047,500.00 to Era, USAU was subrogated to Era for that amount and was entitled to, and did, pursue its own subrogation claim against defendants for that amount.

5.     USAU settled its subrogation claim with the defendants, and that claim was then dismissed by this Court with prejudice at Docket 189.

## Argument

In previous motion practice, DAI asked this Court to preclude Era from offering evidence or asserting a claim for property damages for any amount in excess of Era's $52,500 deductible pursuant to Alaska law as set forth in *Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999) and *Thomann v. Fouse*, 93 P.3d 1048, 1051 n 10 (Alaska 2004).  This Court declined the procedure DAI advocated and decided that Era will be allowed to offer *evidence* at trial as to the total property damage to the helicopter; **but "If Era is awarded damages, the full amount of the insurance proceeds paid to Era will be subtracted from the award (not simply the amount for which the insurer settled the subrogated claim)."**[1]  Docket 333 at 1.  (emphasis added).  In other words, although Era can offer evidence that the value of its helicopter was $2,100,000.00, Era cannot recover $2,047,500 of those damages because they were paid by USAU.  Instead, Era can recover

---

[1] Although an offset approach may cure the problem caused by allowing Era to present evidence of a claim it does not own since it was assigned by operation of law to the subrogated insurance carrier, DAI continues to believe that the correct approach under Alaska law is to limit Era's property damage claim at trial to the $52,500 that was not assigned by operation of law to USAU.

no more than $52,500 for property damage to the helicopter.

In subsequent Orders the Court has continued to make it clear that the only damages Era can actually recover in this lawsuit are damages not paid by its insurers:

> Initially, United States Aviation Underwriters, Inc. ("Aviation Underwriters") and Era sought compensation for the loss of Era's helicopter from Defendants UNC Airwork Corporation/Dallas Airmotive, Inc. (collectively "DAI") and Pratt & Whitney Canada, Inc. ("PWC") for defective manufacturing, and from DAI for negligent repair and maintenance. … Aviation Underwriters settled its action with the Defendants. All that remains is Era's claim for damages, to which Aviation Underwriters was not subrogated, *i.e.*, losses that were not covered by Era's insurance with Aviation Underwriters.

Order at Docket 404 at 1-2.

> In addition, the subrogation claims that originally formed a part of this litigation have settled. Only ERA's claims for uninsured losses remain.

Minute Order at Docket 439.

Despite these Orders, Era continues to assert that because the Court will allow it to present *evidence* of $2,100,000 damage to the helicopter, the Court will also allow it to obtain a judgment for $2,100,000 on its property damage claim. Defendants believe the most Era can recover on its property damage claim is a judgment for $52,500. With a disagreement of this magnitude, the parties cannot possibly engage in productive settlement discussions, which is why DAI has filed this motion for rulings of law.

Era seems to still be confused by Alaska's collateral source statute, which sets forth a procedure for reducing awards for amounts received by a plaintiff "as compensation for the same injury from collateral sources that do *not* have a right of subrogation by law or

contract." AS 09.17.070. (emphasis added). The statute "applies by its terms only to funds a plaintiff receives from 'collateral sources.'" *Liimatta v. Vest*, 45 P.3d 310 (Alaska 2002). A party that has a right to pursue a subrogation claim after making a payment is ***not*** a collateral source within the meaning of the statute. *Chenega Corporation v. Exxon Corporation*, 991 P.2d 769, 791 (Alaska 1999). AS 09.17.070 is merely a "version of the collateral source rule" that applies to "***unsubrogated*** payments from collateral sources." *Gibson v. GEICO General Ins. Co.*, (Alaska Supreme Court Op. No. 6106 – March 2, 2007) at *11. (emphasis added). Since USAU had a right of subrogation, which it actively pursued and settled in this lawsuit, the payment from USAU was ***not*** a collateral source, and therefore the collateral source statute has nothing whatsoever to do with this case.

For all the foregoing reasons, DAI requests that this Court issue a Ruling of Law making it clear that Era will not be allowed to recover a property damage judgment for destruction of the helicopter in excess of its insurance deductible of $52,500.

## Issue No. 2 – What Claims, if any, Were Assigned to Era Helicopters, LLC?

### A.    Did Era Aviation, Inc. Assign Any Claims to Era Helicopters, LLC?

Closely related to Issue No. 1 is the question of what claims, if any, have actually been assigned to Era Helicopters, LLC. As the Court is aware, this case was initiated by USAU and Era Aviation, Inc. USAU settled and was dismissed. Era Aviation filed for bankruptcy and in that proceeding (1) failed to list any claims against defendants as an asset of the estate and (2) responded to an inquiry from counsel by disclaiming any interest or stake in this litigation. Accordingly, this Court ordered that the real party in interest in this

case be substituted for Era Aviation or all claims asserted against defendants would be dismissed. Order at Docket 392.

In response to that Order, Era Helicopters, LLC appeared in this case as plaintiff. However, plaintiff has never produced an assignment of claims from Era Aviation to Era Helicopters. Moreover, plaintiff has not marked a copy of any such assignment as a trial exhibit in this case. Therefore, defendants do not concede that Era Helicopters actually owns any of the claims asserted in this litigation.

### B.    Could Era Aviation Assign a Claim for $2,100,000.00?

Even if an assignment of claims was executed before Era Aviation filed for bankruptcy protection and abandoned whatever claims it may have had, the question of what claims were assigned must still be addressed in the context of the property damage claim. When USAU paid $2,047,500.00 to Era Aviation, it was subrogated to all rights and claims that Era Aviation may have had to the extent of that payment. "Subrogation places the party paying the loss or claim (the 'subrogee') in the shoes of the person who suffered the loss (the 'subrogor'). Thus, when the doctrine of subrogation applies, the subrogee succeeds to the legal rights and claims of the subrogor with respect to the loss or claim." *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002).

USAU then settled and dismissed its $2,047,500.00 claim against the defendants. This means that Era Aviation did not own a property damage claim in excess of its uninsured deductible - $52,500. This in turn means that Era Aviation had no power or authority to assign to Era Helicopters any property damage claim in excess of $52,500. Therefore, DAI requests a Ruling of Law that if, in fact, Era Helicopters has an assignment

of claims from Era Aviation that predates the abandonment of all claims in the bankruptcy proceeding, the only property damage claim for destruction of the helicopter that was actually assigned was a claim for no more than $52,500.

### Issue No. 3 – Can Era Recover Prejudgment Interest <u>and</u> Loss of Use Damages

In the draft Proposed Pretrial Order on which the parties are working, Era is asserting a right to recover both loss of use damages and prejudgment interest. However, these are alternative and mutually exclusive remedies under Alaska law. To grant both "constitutes a double recovery" which is why "[b]oth interest and an award for loss of use of the property … are not permissible." *Alaska Construction Equipment v. Star Trucking, Inc.*, 128 P.3d 164, 170 (Alaska 2006); *State v. Stanley*, 506 P.2d 1284, 1295 (Alaska 1973), rehearing denied 509 P.2d 279.

The reason that these remedies are mutually exclusive is because "[p]rejudgment interest adequately compensates the owner of damaged property for economic loss for the period of time between the accident and the later award of the property's value." *Alaska Construction*, 128 P.3d at 170. The corollary of that rule is that "loss of use damages may no longer accrue for an owner once the owner has received actual payment for the value of its property". *Id.* That is because at that point the owner has the use of the money value of the destroyed property.

Era may be entitled to try to prove damages resulting from the loss of use of its helicopter for the period of time reasonably required to obtain a replacement or from the date of the crash to the date it received the $2,047,500 payment from USAU, whichever first

occurred. *Id.* However, if Era obtains such damages it is not entitled to also receive prejudgment interest.

DAI therefore requests a Ruling of Law that although Era may try to prove liability for and damages resulting from loss of use of its helicopter for the period of time reasonably required to obtain a suitable replacement or from the date of the crash to the date it received the $2,047,500 payment from USAU, whichever first occurred, if Era is successful in obtaining such damages it may not also receive an award of prejudgment interest.

## CONCLUSION

DAI believes that Rulings of Law on these three important damages questions would greatly improve the chances of this case settling. DAI is mindful of this Court's Minute Order at Docket 439 recommending that the parties participate in a settlement conference, and DAI is committed to doing so. However, as long as the parties have such fundamental differences regarding the scope of permissible damages (especially their $2 Million difference of opinion as to whether Era can actually recover a judgment of $2,100,000 for a helicopter for which USAU has already paid it $2,047,500) the likelihood of a successful settlement conference is remote.

Therefore, UNC requests Rulings of Law on the three issues set forth and discussed in this motion.

Respectfully submitted this 6th day of March, 2007.

Defendants Dallas Airmotive, Inc. and
UNC Airwork Corporation

By:    s/ David A. Devine
      David A. Devine (AK Bar No. 7906015)
      GROH EGGERS, LLC
      2600 Cordova Street, Suite 110
      Anchorage, AK 99503
      Phone: (907) 562-6474
      Fax: (907) 562-6044
      E-Mail: devined@groheggers.com

      Raymond L. Mariani, NY Bar No. RM2077
      NIXON PEABODY LLP
      50 Jericho Quadrangle, Suite 300
      Jericho, N.Y. 11753
      Phone:  (516) 832-7520
      Fax:    (516) 832-7555
      E-Mail:  rmariani@nixonpeabody.com

I HEREBY CERTIFY that on March 6, 2007,
a copy of the foregoing was served **electronically** on:

Jon A. Kodani, Esq.
Jeffrey J. Williams, Esq.
LAW OFFICE OF JON A. KODANI

Attorney for Plaintiff Era Helicopters, LLC

William F. Brattain II, Esq.
BAKER BRATTAIN, LLC

Attorney for Defendant Pratt & Whitney

  s/ David A. Devine