William F. Brattain II (7305007)
BAKER BRATTAIN LLC
821 N Street Suite 101
Anchorage AK 99501
907 277 3232 (Telephone)
907 279 2323 (Facsimile)
brattain@bakerbrattain.com (email)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERA HELICOPTERS, LLC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>PRATT & WHITNEY CANADA, INC., *et. al.*<br>    Defendants. | Case No. A02-0131 CV (JKS) |

PWC'S JOINDER IN DAI'S MOTION FOR RULING OF LAW RE: RECOVERABLE DAMAGES

1.   *Summary of Argument.*

This is something more than a "Me, too" motion. It addresses more specifically an issue raised in DAI's motion: *Issue No. 2-What Claims if any, Were Assigned to Era Helicopters LLC?* And, what happens if no such assignments exists?

Absent a valid and legally enforceable assignment it follows, *a fortiori*, Era Helicopters has no triable case. Despite repeated efforts to obtain evidence of a written

1

assignment none, even at this late date, has been forthcoming.[1] No such document has been marked by Era for trial.

2. *Why is the validity of the alleged assignment all that important?* It is obvious that someone owned a claim (without speaking to the actual merits of the claim) for property damage arising out of this helicopter crash. We know that an original plaintiff, USAIG, owned the subrogation rights. It has settled and has been dismissed.

We also know that Era Aviation had asserted a claim for property damage, including loss of use, for the helicopter. What we don't know is whether that claim was abandoned, dismissed, sold, or became barred, by virtue of Era Aviation's subsequent bankruptcy filing. The defendants are hopelessly hamstrung in their efforts to understand this alleged transaction because, other than the Goss Affidavit, no transactional documents appear any where as a matter of record.

The defendants have asked the plaintiff for such documents and have even asked the court for its assistance in obtaining the documents---all to no avail. Yet, the court has observed that the Era Helicopter must prove, as a threshold element of its case, its right to

---

[1] The Court will recall PWC, by motion of April 14, 2006, asked for the Court to compel responses by Era to discovery requests propounded to it on exactly this issue. [Docket 398] PWC assumes the court's ruling denying the request [Docket 400] was predicated on the veracity of the Affidavit filed by Anna Goss, who averred:

> *6.0 In July, 2005, Era Aviation, Inc. assigned all of its rights, liabilities, and interests in this litigation to Offshore Aviation, Inc. Thereafter, Offshore Aviation, Inc transferred those same rights, liabilities and interests to Era Helicopters, LLC.*
> [Docket 389: Attachment 1]

2

assert Era Aviation's original claims. See, e.g., AS 45.01.206. Statute of Frauds For Kinds of Personal Property Not Otherwise Covered which provides:

> (a) Except in the cases described in (b) of this section, a contract for the sale of personal property is not enforceable by action or defense beyond $5,000 in amount or value of remedy unless there is a writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by an authorized agent.
> (b) Subsection (a) of this section does not apply to contracts for the sale of goods (AS 45.02.201) or securities (AS 45.08.113), or to security agreements (AS 45.29.203)

*3.*   *Conclusion.* Unless Era Helicopters, LLC can make some valid offer of proof that a valid, legally enforceable assignment exists between it and Era Aviation, then this case should be dismissed.

Date: March 19, 2007

BAKER BRATTAIN LLC

By: _____
William F. Brattain
Alaska Bar Association 7305007
Attorney for PWC

## CERTIFICATE OF SERVICE

I, William F. Brattain, hereby certify that a copy of the foregoing pleading was electronically filed on March 19, 2007 with email copies to:

Jon A. Kodani, Esq.

3

1                     Jeffrey J. William
               LAW OFFICES OF JON A KODANI
2                  2200 Michigan Avenue
3                  Santa Monica CA 90404

4                    David A. Devine
5                   GROH EGGERS, LLC
                  3201 C St., Suite 400
6                 Anchorage, AK 99503-3967

7                    Michael D. Hall
                  Office of the Clerk
8         Federal Building, United States Courthouse
9          222 W. 7th Avenue, Box 4 Room 229
                Anchorage, AK 99513-7564
10                 A02-0131 CV (JKS)

11

12

13   William F. Brattain II

14

15

16

17

18

19

20

21

22

23

24

25

26

4