IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
ERA HELICOPTERS, LLC, a Delaware   )
Company,                           )
                                   )
                      Plaintiff,   )
                                   )
        vs.                        )
                                   )
UNC AIRWORK CORPORATION, a/k/a DAI )
Airwork Corporation, a Delaware    )
corporation, et al.,               )
                                   )   No. 3:02-cv-00131-JKS
                      Defendants.  )
_____)
```

O R D E R

Settlement Conference

One or more of the parties to this case have requested a settlement conference. In preparation for the scheduling of a settlement conference before the Honorable H. Russel Holland, United States District Judge, each party shall prepare a settlement conference memorandum in conformity with the attached appendix. A party's settlement memorandum may not be disclosed to anyone other than the settlement judge without the party's consent and is not admissible in evidence.

At any conference resulting from this order, all counsel shall appear with full authority to settle all issues of this litigation;

and unless leave to do otherwise is obtained, counsel shall have their clients or a senior client representative — who is knowledgeable of the case and with full settlement authority — available in person at the time above-specified.

The settlement conference memorandum of each party, in conformity with the attached appendix, shall be telefaxed[1] to the attention of Judge Holland no later than March 30, 2007.

The settlement conference will be held on a day and at a time to be agreed upon by the parties during the week of April 2 or April 9, 2007, in chambers at Anchorage, Alaska.

DATED at Anchorage, Alaska, this <u>20th</u> day of March, 2007.

/s/ H. Russel Holland
United States District Judge

---

[1] Fax number:  907.677.6266.

APPENDIX

I. Form

    A.   The required settlement memorandum may not exceed 20 pages, double-spaced, on standard 8½" x 11" paper.

    B.   Attachments to the settlement memorandum shall not exceed 10 additional pages.

    C.   The substantive content of the settlement memorandum shall be set forth in the sequence in which they appear in Part II of this appendix.

II. Substance

    A.   Statement of Facts.  The settlement memorandum shall contain a brief, candid, chronological, statement of the principal operative facts as the party understands them based upon anticipated testimony of witnesses and/or discovery accomplished in the course of preparing the case for trial.  A principal focus of this statement of facts should be the elements that a party must prove or dispute with respect to plaintiff's cause(s) of action.  With the foregoing page limitations in mind, a party may append to the settlement memorandum critical documents, diagrams, or the like that will help the court's understanding of the claims or defenses.

    B.   Disputed Legal Issues.  The settlement memorandum shall set forth a brief statement of the critically important, unresolved, legal issues in the case.  A lengthy, multi-part litany of every conceivable issue that might arise in the case is neither helpful nor what the court desires.  For example, if the case is really about the amount of damages, then let us say so and get everyone focused on that point.  Similarly, if the critical dispute

in the case is whether or not a contract has been breached, let us say so. Again, what the court wants here is a party's best understanding and statement of what disagreements stand in the way of settlement.

    C.   <u>Non-Monetary Issues</u>. Sometimes there are important non-monetary issues or factors having nothing to do with liability or damages which seriously impede a settlement. For example, must the parties continue to do business with one another in the future, even though they presently have a serious disagreement? Or, does a party really know that the case ought to be settled, but the party is still really angry about something? The identification of such problems and suggestions for their resolution will plainly assist the court in helping the parties reach a settlement.

    In addition to the above, include responses to the following questions:

1. a. Is defendant insured as to plaintiff's claims?
   b. Is the insurance adequate?
   c. Is plaintiff insured as to any counterclaim?
   d. Is the insurance adequate?
2. Does a party against whom a claim is stated likely have the ability to pay that claim?
3. a. What attorney fees have been incurred to date?
   b. What costs have been incurred to date?
4. a. What will it cost to complete preparation and try this case:  Fees _____   Costs _____
   b. How long will a trial likely take?

D.   <u>Damages</u>.  The attachments (for which provision has been made above) shall include a copy of plaintiff's initial damage disclosure made pursuant to Rule 26(a), Federal Rules of Civil Procedure, and any update of the same.  If there have been oral or written demands or proposals exchanged outside the formal disclosure process, these should be very briefly described in chronological order in the settlement memorandum.

Plaintiff's settlement memorandum shall include a detailed statement of plaintiff's current, most accurate, damages computation.  Each separate element of damage that a plaintiff is asserting shall be identified and separately quantified.  Any mathematical computation(s) employed by plaintiff shall be disclosed to the court.

Defendant's settlement memorandum shall include a similar damages analysis, setting forth what amount the defendant believes, as a result of discovery, the plaintiff will recover for each element of damage <u>if plaintiff prevails</u>.  The court will <u>not</u> take this analysis as a concession that plaintiff will prevail.

Each of plaintiff and defendant shall provide the court with their respective self-analysis of their damages recitation. Bluntly, settlements are a product of compromise, and the court needs to know where the parties believe the various elements of damage can or should be compromised - if you will, how those damages should be discounted in consideration of the risks of litigation.  If a defendant is convinced that there is no liability to plaintiff, defendant should say so and explain the factual or legal basis for that position.

E.  <u>Application to this Case</u>.  The court recognizes that all of the particulars of the foregoing will not find application in every case.  The court believes that most of the above will fit in most of the cases, and expects parties to provide full and complete information consistent with foregoing.  To the extent that a particular case does not "fit" well as regards some particular requirement, the court trusts that the parties will use their common sense to fill any gap that may exist, such that the settlement memorandum will fully and completely inform the court of everything that is important to reaching a settlement.  The parties should understand that simply stating "not applicable" or "I don't know yet" is not an acceptable settlement memorandum response to the foregoing.

_____