# Exhibit "1"

## MASTER BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AGREEMENT

This Master Bill of Sale and Assignment and Assumption Agreement ("Bill of Sale and Assignment") is executed, in multiple counterparts on the dates set forth hereinbelow, effective as of April 1, 2005 (the "Effective Date"), by and among ERA AVIATION, INC., a Washington corporation, having a mailing address of 6160 Carl Brady Drive, Anchorage, Alaska 99502-1899 ("Transferor"), and ERA HELICOPTERS, L.L.C., a Delaware limited liability company, having a mailing address of 600 Airport Service Road, Lake Charles, Louisiana 70606 ("Transferee").

WHEREAS, Transferor desires to assign to Transferee all of Transferor's right, title and interest in and to the assets and property, real and personal, tangible and intangible, and rights of every kind and description, wherever situated, constituting, arising from, relating to or used in connection with Transferor's rotor wing/helicopter business (the "Helicopter Business"); and

WHEREAS, Transferor previously entered into certain assignments and transfers of helicopters, leases and other contracts, permits and licenses ("Assignments"), whereby Transferor assigned to Transferee and/or Transferee's affiliates, certain helicopters, certain ownership and leases of real property, and certain other contracts, permits and licenses relating to or used in connection with the Helicopter Business; and

WHEREAS, in order to effect the true intent of the Assignments and out of an abundance of caution, Transferor desires to ensure by this Bill of Sale and Assignment that any and all property, whether tangible or intangible, related to, arising from or used in connection with the management, maintenance and operation of the Helicopter Business, not previously assigned or transferred, is transferred to Transferee; and

WHEREAS, Transferor desires to assign to Transferee, and Transferee desires to assume, all of Transferor's Rotor Wing Liabilities, as that term is hereinafter defined, arising from or relating to the Helicopter Business;

NOW THEREFORE, in consideration of the covenants set forth herein and in the Assignments, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, Transferor does and hereby grants, bargains, sells, conveys, transfers, assigns, sets over and delivers unto Transferee and its successors and assigns, all of Transferor's right, title and interest in and to the following:

1. All real property interests, including, but not limited to, all fee ownership and leasehold rights to real property, and any buildings, improvements and other structures situated thereon, relating to, arising from or used in connection with the Helicopter Business (the "Real Property"), including without limitation, the Real Property described in **Exhibit A** attached hereto and incorporated herein, it being the intent of Transferor to assign to Transferee any and all Real Property relating to or used in connection with the Helicopter Business.

2. All tangible personal property ("Personalty") which is situated on the Real Property and/or used in connection with and/or related to or arising from the Helicopter Business, including without

1

CLI 69185 v1
42206-000001 06/01/2005


LOJAK_m060418_000049
ERA_Confidential_000017062

limitation, the Personalty described on **Exhibit B** attached hereto and incorporated herein, it being the intent of Transferor to transfer to Transferee any and all Personalty relating to, arising from or used in connection with the Helicopter Business.

3. All subleases and occupancy agreements, whether oral or written, including without limitation, those agreements described on **Exhibit C** attached hereto and made a part hereof (the "Occupancy Agreements"), relating to the ownership and/or leasing of space in the Real Property in connection with and/or related to the Helicopter Business and all other rights, interests, benefits and privileges of the lessor thereunder, and all guarantees and security and other deposits held by Transferor under the Occupancy Agreements and not credited or returned to the tenants, but subject to all the terms, conditions, reservations and limitations set forth in the Occupancy Agreements, it being the intent of Transferor to assign to Transferee any and all Occupancy Agreements relating to or used in connection with the Helicopter Business.

4. All contracts and other agreements related to the Helicopter Business, including without limitation, those contracts and agreements set forth on **Exhibit D** attached hereto and made a part hereof, and all warranties, guaranties, indemnities and claims (including without limitation, for workmanship, materials and performance) and which exist or may hereafter exist against any contractor, subcontractor, manufacturer or supplier or laborer or other services relating thereto (collectively, the "Contracts"), it being the intent of Transferor to assign to Transferee any and all Contracts relating to, arising from or used in connection with the Helicopter Business.

5. All intangible personal property owned or held by Transferor in connection with the Helicopter Business and all other agreements, contract rights, transferable licenses, certificates of occupancy, approvals, utility contracts, concessions, intellectual property, goodwill, trade names (including, but not limited to, the name "Era Aviation", or any other name that includes the word "Era", or is in any way derived therefrom), trademarks, symbols, software (including, but not limited to, tracker software and M.A.T.S. software), electronic data, and commitments owned or held by Transferor in connection with the Helicopter Business (collectively, the "Interests"), including without limitation, the Interests set forth on **Exhibit E** attached hereto and made a part hereof, it being the intent of Transferor to assign to Transferee any and all Interests relating to, arising from or used in connection with the Helicopter Business.

6. All vehicles (the "Vehicles") used in connection with the Helicopter Business, including without limitation, the Vehicles set forth on **Exhibit F** attached hereto and made a part hereof, it being the intent of Transferor to transfer to Transferee any and all Vehicles relating to or used in connection with the Helicopter Business.

7. All rotor-wing aircraft and helicopters (the "Helicopters") used in connection with the Helicopter Business, including without limitation, the rotor-wing aircraft and helicopters set forth on **Exhibit G** attached hereto and made a part hereof, it being the intent of Transferor to transfer to Transferee any and all Helicopters relating to or used in connection with the Helicopter Business. Transferee shall be responsible for paying all transfer taxes, if any, in connection with the Helicopters.

2

J SCL1 69185 v1
2832206-000001 06/01/2005

LOJAK_m060418_000050
ERA_Confidential_000017063

8. All rights, dividends and/or claims of any kind whatsoever arising before or after the Effective Date hereof and from or used in connection with the Helicopter Business (including damage, secured, unsecured, lien, priority and administration claims); together with the right to take any action or file any papers or process in any court of competent jurisdiction necessary to preserve, protect, or enforce such rights or claims, including the filing of any proof of claim in any insolvency proceeding under any state, Federal or other laws and any rights, claims or awards accruing to or to be paid to Transferor in connection with the Helicopter Business (collectively, the "**Rights and Claims**"), including without limitation, the Rights and Claims set forth on **Exhibit H** attached hereto and made a part hereof, it being the intent of Transferor, to transfer and/or assign any and all Rights and Claims arising on or after the Effective Date hereof from or used in connection with the Helicopter Business.

9. All of Transferor's right, title and interest in and to the assets and property, real and personal, tangible and intangible, and rights of every kind and description, wherever situated, constituting, arising from, relating to or used in connection with the Helicopter Business (collectively, the "**Helicopter Business Property**").

10. All employees primarily related to the Helicopter Business and the Transferor's fixed base operations conducted at Ted Stevens Anchorage International Airport (the "Helicopter and FBO Employees") and set forth on Exhibit I and, with respect to such Helicopter and FBO Employees, any liability of Transferor to or in respect of any such employee, former employee or other service provider of Transferor, including, without limitation, (i) any liability under any employment agreement or severance plan or agreement, whether or not written, between Transferor and any such person, (ii) any liability under any employee benefits or compensation plan, agreement or arrangement at any time maintained, contributed to or required to be contributed to by or with respect to Transferor or under which Transferor may incur liability, or any contributions, benefits or liabilities therefor, or any liability with respect to Transferor's withdrawal or partial withdrawal from or termination of any employee benefit plan and (iii) any claim of an unfair labor practice, or any claim under any state unemployment compensation or worker's compensation law or regulation or under any federal or state employment discrimination law or regulation (collectively, "Helicopter and FBO Employee Liabilities").

11. All Rotor Wing Liabilities, as that term is defined in the STOCK PURCHASE AGREEMENT, by and among SEACOR HOLDINGS INC., OFFSHORE AVIATION INC., ERA AVIATION, INC., and ERA AVIATION INVESTMENT GROUP, LLC, dated as of May 27, 2005 (the "Stock Purchase Agreement").

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, IN NO EVENT SHALL THIS BILL OF SALE AND ASSIGNMENT AND ASSUMPTION BE CONSTRUED TO GRANT, BARGAIN, SELL, CONVEY, TRANSFER, ASSIGN, SET OVER OR DELIVER UNTO TRANSFEREE AND ITS SUCCESSORS AND ASSIGNS, ANY OF TRANSFEROR'S RIGHT, TITLE OR INTEREST IN AND TO ANY OF THE "FIXED WING ASSETS" AS SUCH TERM IS DEFINED IN THE STOCK PURCHASE AGREEMENT, AND TRANSFEROR SHALL RETAIN ALL OF ITS RIGHT, TITLE AND INTEREST IN AND TO THE FIXED WING ASSETS.

J SCLI 69185 v1
2832206-000001  06/01/2005

LOJAK_m060418_000051
ERA_Confidential_000017064

IN THE EVENT OF A CONFLICT BETWEEN ANY PROVISION OF THIS BILL OF SALE AND ASSIGNMENT AND ASSUMPTION AND THE STOCK PURCHASE AGREEMENT, THE STOCK PURCHASE AGREEMENT SHALL GOVERN.

**TO HAVE AND TO HOLD** said right, title and interest in and to the Personalty, Occupancy Agreements, Contracts, Interests, Vehicles, Helicopters, Rights and Claims, Helicopter Business Property, and Rotor Wing Liabilities unto Transferee and Transferee's successors and assigns, forever. Transferor does hereby covenant and agree that this Bill of Sale and Assignment shall be binding upon Transferor and Transferor's successors and assigns with respect to Transferee and any person whomsoever lawfully claiming by, through or under Transferee. Transferor hereby covenants and agrees with Transferee that it shall duly execute and deliver all such further instruments of sale, transfer, assignment, and conveyance and all such notices, releases, acquittances, certificates of title, and other documents, and shall perform any necessary acts as may be necessary to more fully sell, transfer, assign, and convey to and vest in Transferee the property hereby sold, transferred, assigned and conveyed or intended so to be.

If at any time following the Effective Date, Transferee, in its sole discretion, identifies to Transferor any Helicopter Business Property not previously identified pursuant to this Bill of Sale and Assignment, Transferor shall duly execute and deliver all such further instruments of sale, transfer, assignment, and conveyance and all such notices, releases, acquittances, certificates of title, and other documents, and shall promptly perform any necessary acts as may be necessary to fully transfer, assign, and convey to and vest in Transferee all such subsequently identified Helicopter Business Property. Furthermore, Transferor hereby agrees to indefinitely hold in trust on behalf of Transferee, all such subsequently identified Helicopter Business Property and any and all other Helicopter Business Property that may be later identified until such time as it may be identified by Transferee.

Transferee hereby accepts the assignment and/or transfer of the Personalty, Occupancy Agreements, Contracts, Interests, Vehicles, Helicopters, Rights and Claims, and Helicopter Business Property. Transferee hereby unconditionally assumes all of Rotor Wing Liabilities (including the Helicopter Employee Liabilities). This Bill of Sale and Assignment may be executed in any number of counterparts, each of which shall constitute one and the same instrument.

[Signature page follows.]

4

J SCL1 69185 v1
2832206-000001 06/01/2005

LOJAK_m060418_000052
ERA_Confidential_000017065

IN WITNESS WHEREOF, the parties have executed this Master Bill of Sale and Assignment Agreement, in multiple counterparts, on the dates indicated hereinbelow, to be effective as of the Effective Date.

TRANSFEROR:

ERA AVIATION, INC.

By: *[signature]*
Title: Sr. VP
Date: 01 June 05

TRANSFEREE:

ERA HELICOPTERS, L.L.C.

By: _____
Title: _____
Date: _____

5

J SCL1 69185 v1
2832206-000001 06/01/2005

LOJAK_m060418_000053
ERA_Confidential_000017066

IN WITNESS WHEREOF, the parties have executed this Master Bill of Sale and Assignment Agreement, in multiple counterparts, on the dates indicated hereinbelow, to be effective as of the Effective Date.

TRANSFEROR:

ERA AVIATION, INC.

By: _____
Title: _____
Date: _____

TRANSFEREE:

ERA HELICOPTERS, L.L.C.

By: _____ [signature]
Title: CEO
Date: _____

5

J SCL1 69185 v1
2832206-000001 06/01/2005

LOJAK_m060418_000054
ERA_Confidential_000017067

## EXHIBIT H

## RIGHTS AND CLAIMS

1.  <u>US Aviation Underwriters and Era Aviation, Inc. v. UNC Airwork Corp., Dallas Airmotive, Inc. and Pratt & Whitney Canada, Inc.</u>, Case No. A02-0131 CV, U. S. District Court in Anchorage, Alaska. The Company and its insurer filed suit on June 17, 2002, seeking recovery of losses relating to the crash of a Company Bell 412 helicopter in Nevada in 2000. The theory of the case is that the defendants failed to properly repair the helicopter engine in question and design the defective Sprague clutch. The case is scheduled for trial on September 15, 2005.

LOJAK_m060418_000055
ERA_Confidential_000017068