**Appendix "A"**
**Plaintiff's Objections to Defendants' Evidence**

Pursuant to the Court's order (Doc. 413), counsel met and conferred on February 6, 2007, for the purpose of reviewing trial exhibits. Based on that meeting, plaintiff Era Helicopters, LLC, respectfully offers the following objections to the defendants' exhibits:

1. **D25** (Era e-mails)
2. **D26** (USAU Accident Scene Report)
3. **D27** (Release)
4. **D35** (Era Training Manual)
5. **D36** (NTSB Report)
6. **D40** (Cliff Mitchell e-mail)
7. **D42** (bucket inventory)
8. **D44** (sling loads manual)
9. **D46** (Era external load PowerPoint)
10. **D51** (email regarding altitude)
11. **D52** (email regarding torque)
12. **D53** (autopsy checklist)
13. **D54** (Sidla email)
14. **D55** (DOI Accident Review)
15. **D56** (DOI Aviation Safety Review)
16. **D57** (Era Presentations)
17. **D58** (FAA Report of Accident)
18. **D75** (Interagency Helicopter Operations Guide)
19. **D76** (SEI Bucket Data)
20. **D77** (PWC Report)
21. **D78** (Battle Mountain Report)
22. **D84** (cockpit mockup)
23. **D85** (proof of payment)
24. **D238** (Era PowerPoint presentation)

### 1.0  Defense Exhibit D25

Plaintiff objects to defense exhibit **D25** (Era e-mails).  This exhibit contains two groups of e-mails.

- First, the exhibit contains a collection of e-mails from Era's insurance company (USAU).  These e-mails are stamped ERA000088-91, 93 and 114.  The Court has already ruled that Alaska's **collateral source rule** prevents the defendants from offering evidence of payments Era received from USAU, and USAU is no longer a party to this lawsuit.  (Doc. 196.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  There is **no evidentiary foundation** for this exhibit (FED.R.EVID. 901), and the persons who wrote and received these e-mails will not be testifying (either in person or by deposition) during the trial.  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

- Second, this same exhibit also contains another e-mail purportedly authored by a Canadian government investigator (Mr. Gus Sidla) who was working with the NTSB.  This e-mail is stamped ERA0000111-113.  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit is **not relevant**.  (FED.R.EVID. 401).  This e-mail contains **inadmissible hearsay**.  This e-mail contains **inadmissible opinions** from a person (Mr. Sidla) who has not been designated as an expert witness, and whose qualifications, education and training are

unknown. Mr. Sidla (the author of the e-mail) was not deposed in this case, and he will not be testifying at trial.

### 2.0  Defense Exhibit D26

Plaintiff objects to defense exhibit **D26** (USAU Accident Scene Report). The exhibit is **not relevant**. (FED.R.EVID. 401). The Court has already ruled that Alaska's **collateral source rule** prevents the defendants from offering evidence of payments Era received from USAU, and USAU is no longer a party to this lawsuit. (Doc. 196.) The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 3.0  Defense Exhibit D27

Plaintiff objects to defense exhibit **D27** (Release). The exhibit is **not relevant**. (FED.R.EVID. 401). The Court has already ruled that Alaska's **collateral source rule** prevents the defendants from offering evidence of payments Era received from USAU, and USAU is no longer a party to this lawsuit. (Doc. 196.) The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 4.0  Defense Exhibit D35

Plaintiff objects to defense exhibit **D35** (Era Training Manual). The defendants apparently plan to offer this exhibit to demonstrate the training the pilot should have received prior to the crash. However, the exhibit was written in 2003 – three years *after* this crash. The exhibit also addresses scores of issues which are totally unrelated to this case. The exhibit is **not relevant**. (FED.R.EVID. 401). The exhibit is an inadmissible **subsequent remedial measure.** (FED.R.EVID. 407). The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 5.0  Defense Exhibit D36

Plaintiff objects to defense exhibit **D36** (NTSB Report). This exhibit has **already been ruled inadmissible** by the Court. (Doc. 196, 202, 386 and 388.) The exhibit is **inadmissible under federal law**. (49 U.S.C. § 1154(b).) The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.) The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**. (FED.R.EVID. 705). Hearsay statements are not admissible just because they are repeated in a "public record." The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 6.0  Defense Exhibit D40

Plaintiff objects to defense exhibit **D40** (Cliff Mitchell e-mail).  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

### 7.0  Defense Exhibit D42

Plaintiff objects to defense exhibit **D42** (bucket inventory).  The defendants apparently plan to use this exhibit to persuade the jury to speculate that a smaller water bucket might have been available for use on this firefighting mission.  However, there is no indication on the face of the exhibit that the exhibit accurately reflects the inventory of buckets that were available on August 13, 2000.  The exhibit is **not relevant**.  (FED.R.EVID. 401).  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains **inadmissible hearsay statements**.  (FED.R.EVID. 705).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

### 8.0  Defense Exhibit D44

Plaintiff objects to defense exhibit **D44** (sling loads manual). The defendants apparently plan to offer this exhibit to demonstrate the proper procedures for operating a helicopter carrying a bambi bucket. However, the exhibit was written in 2003 – three years *after* this crash. The exhibit is **not relevant**. (FED.R.EVID. 401). The exhibit is an inadmissible **subsequent remedial measure.** (FED.R.EVID. 407). The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 9.0  Defense Exhibit D46

Plaintiff objects to defense exhibit **D46** (Era external load PowerPoint). The defendants apparently plan to offer this exhibit to demonstrate the proper procedures for operating a helicopter carrying a bambi bucket. However, there is no evidence this exhibit was ever shown to the pilot of this helicopter, or used by Era prior to the crash. The exhibit is **not relevant**. (FED.R.EVID. 401). The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 10.0  Defense Exhibit D51

Plaintiff objects to defense exhibit **D51** (email regarding altitude).  This exhibit purports to be an email forwarded to the NTSB during the course of its investigation, reflecting the assumptions of some unidentified person regarding the possible conditions that might have existed at the crash site.  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

### 11.0  Defense Exhibit D52

Plaintiff objects to defense exhibit **D52** (email regarding torque).  This exhibit purports to be an email forwarded to PWC, reflecting an accident investigator's assumptions regarding the possible conditions that might have existed at the time of the crash.  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)  The exhibit is **not relevant**. (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

## 12.0  Defense Exhibit D53

Plaintiff objects to defense exhibit **D53** (autopsy checklist).  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

## 13.0  Defense Exhibit D54

Plaintiff objects to defense exhibit **D54** (Sidla email).  This exhibit purports to be a copy of an email sent by the Canadian NTSB to PWC, reflecting the Canadian investigator's own personal opinions about the reports prepared by PWC.  The author of this email (Mr. Sidla) was not deposed in this case, he will not be testifying at the time of trial, and he has not been designated as an expert witness.  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)  The

exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**. (FED.R.EVID. 705).

### 14.0  Defense Exhibit D55

Plaintiff objects to defense exhibit **D55** (DOI Accident Review).  This exhibit is a PowerPoint presentation prepared by the DOI.  **The Court has already ruled that this same exhibit is not admissible.**  (Doc. 196.)  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)  The exhibit is **not relevant**. (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

### 15.0  Defense Exhibit D56

Plaintiff objects to defense exhibit **D56** (DOI Aviation Safety Review).  This exhibit is a summary of accidents that occurred during 200 and that involved DOI aircraft.  The exhibit refers to a number of accidents that are totally unrelated to this crash.  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)  The exhibit is **not relevant**. (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

### 16.0  Defense Exhibit D57

Plaintiff objects to defense exhibit **D57** (Era Presentations).  This exhibit is a summary of some preliminary findings prepared by Era at a very early stage of the investigation process.  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

### 17.0  Defense Exhibit D58

Plaintiff objects to defense exhibit **D58** (FAA Report of Accident).  This exhibit is a copy of the FAA's report regarding this accident, including the FAA's opinions regarding the cause of the crash.  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**. (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)   The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).

### 18.0  Defense Exhibit D75

Plaintiff objects to defense exhibit **D75** (Interagency Helicopter Operations Guide).  This exhibit contains a plethora of confusing technical information that is not relevant to any issues in this case.  The exhibit is **not relevant**.  (FED.R.EVID. 401).  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 19.0  Defense Exhibit D76

Plaintiff objects to defense exhibit **D76** (SEI Bucket Data).  The exhibit is **not relevant**.  (FED.R.EVID. 401).  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).

### 20.0  Defense Exhibit D77

Plaintiff objects to defense exhibit **D77** (PWC Report).  This exhibit describes a separate dissimilar incident involving a different helicopter, different pilot, and different failure mode.  To be admissible, the proponent of evidence involving "other incidents" must generally demonstrate "substantial similarity" with the incident involved in the litigation.

(See, e.g., Bierria v. Dickinson Mfg. Co., Ltd., 36 P.3d 654, 657 (Alaska 2001); Four Corners Helicopters, Inc. v. Turbomeca, S.A., 979 F.2d 1434, 1439-1440 (10th Cir. (Colo.) 1992).)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  There is **no evidentiary foundation** for this exhibit.  (FED.R.EVID. 901).  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

### 21.0  Defense Exhibit D78

Plaintiff objects to defense exhibit **D78** (Battle Mountain Report).  **The Court has already ruled that this exhibit is inadmissible.**  (Doc. 333.)  This exhibit describes a separate dissimilar incident involving a different helicopter, different pilot, and different failure mode.  To be admissible, the proponent of evidence involving "other incidents" must generally demonstrate "substantial similarity" with the incident involved in the litigation.  (See, e.g., Bierria v. Dickinson Mfg. Co., Ltd., 36 P.3d 654, 657 (Alaska 2001); Four Corners Helicopters, Inc. v. Turbomeca, S.A., 979 F.2d 1434, 1439-1440 (10th Cir. (Colo.) 1992).)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"

(**FED.R.EVID. 403**.)  The exhibit contains the **unreliable opinions of unidentified witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)

### 22.0  Defense Exhibit D84

Plaintiff objects to defense exhibit **D84** (cockpit mockup).  Neither this exhibit nor a photograph of this exhibit was available for review by plaintiffs' counsel at the mandatory exhibit review meeting.

### 23.0  Defense Exhibit D85

Plaintiff objects to defense exhibit **D85** (proof of payment).  The exhibit is **not relevant**. (FED.R.EVID. 401).  The Court has already ruled that Alaska's **collateral source rule** prevents the defendants from offering evidence of payments Era received from USAU, and USAU is no longer a party to this lawsuit. (Doc. 196.)  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

### 24.0  Defense Exhibit D238

Plaintiff objects to defense exhibit **D238** (Era PowerPoint presentation).  This exhibit is a summary of some preliminary findings prepared by Era at a very early stage of the investigation process.  The exhibit contains the **unreliable opinions of unidentified**

- 14 -

**witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)  The exhibit is **not relevant**.  (FED.R.EVID. 401).  The exhibit should be excluded because the exhibit's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)  The exhibit contains **inadmissible hearsay statements** and **hearsay-within-hearsay**.  (FED.R.EVID. 705).