## Appendix "B"
## Plaintiff's Objections to Deposition Excerpts Identified By Defendants

Pursuant to the Court's order (Doc. 413), counsel met and conferred on February 6, 2007, for the purpose of reviewing trial exhibits. Based on that meeting, plaintiff Era Helicopters, LLC, respectfully offers the following objections to excerpts of the following deposition transcripts identified by defendants:

1. **Deposition of Cullen Baker** (September 21, 2004)
2. **Deposition of Terry Bennett** (September 30, 2003)
3. **Deposition of Terry Bennett** (August 12, 2004)
4. **Deposition of Terry Bennett** (August 13, 2004) (Rule 30(b)(6))
5. **Deposition of Terry Bennett** (August 13, 2004) (Vol. II of II)
6. **Deposition of Thomas Berthe** (March 26, 2003)
7. **Deposition of Terry Cole** (July 1, 2003)
8. **Deposition of Tealeye Cornejo** (September 13, 2005)
9. **Deposition of Anthony P. Davis** (June 2, 2004)
10. **Deposition of Jutta Demers** (March 25, 2003)
11. **Deposition of Les Hanberg** (November 18, 2003)
12. **Deposition of Mark Jones** (August 13, 2004)
13. **Deposition of Gus Lapthorne** (April 23, 2003)
14. **Deposition of Richard (Lash) Larew** (October 1, 2003)
15. **Deposition of Clifford Mitchell** (September 24, 2003)
16. **Deposition of George Neufeld** (March 27, 2003)
17. **Deposition of Richard Oeder** (September 24, 2003)
18. **Deposition of Ron Ortuso** (March 27, 2003)
19. **Deposition of Stephen Rauch** (June 3, 2004)
20. **Deposition of Thomas Young** (September 25, 2003)

Era Av 4EH/PO/WO Lg24175/20070330

## 1.0  Deposition of Cullen Baker

(September 21, 2004)

1.1    **73:2-14**, **74:5-75:15** and **75:24-76:24**

    a.      The testimony is **not relevant**.  (FED.R.EVID. 401).

## 2.0  Deposition of Terry Bennett

(September 30, 2003)

2.1    **11:10-12, 38:20-23**

    a.      The testimony is **not relevant**.  (FED.R.EVID. 401).

    b.      The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

2.2    **29:17-30:22, 31:4-1932:1-10, 32:14-23, 33:6-16, 42:8-20, 42:25-43:9, 43:12-25, 46:25-48:1, 51:15-54:3, 55:18-56:6** and **56:15-58:15**

    a.      The testimony relates to evidence (the OAS PowerPoint) which has **already been ruled inadmissible**.  (Doc. 196)

    b.      The questions **assume facts not in evidence**.

    c.      The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

B-2

    d.      The testimony is **not relevant**.  (FED.R.EVID. 401).

    e.      The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

    f.      The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

### 3.0  Deposition of Terry Bennett

(August 12, 2004)

3.1    **28:6-25**

    a.      The question is **argumentative**, **misstates the evidence**, and **assumes facts not in evidence**.

    b.      The testimony is **not relevant**.  (FED.R.EVID. 401).

    c.      The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

3.2    **30:23-32:1, 33:22-34:5**

    a.      The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

    b.      The testimony is **not relevant**.  (FED.R.EVID. 401).

3.3     **51:24-53:2**, **53:6-7**, **53:17-54:12**, **54:18-55:6**, **55:12-19**, **56:6-18**, **56:24-57:18**, **58:2-18**, **58:20-59:5**, and **59:11-21**

    a.     The questions **assume facts not in evidence**.

    b.     The testimony is **not relevant**.  (FED.R.EVID. 401).

    c.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

3.4     **60:13-69:17**, **70:2-71:22**, **72:11-73:3**, **73:9**-21, 74**:16-75:5**, **75:9-76:1**, **80:8-24**, **82:2-25**, **85:14-87:1**, **88:19-22**, **94:18-96:9**, **96:16-97:8**, **97:11-14**, **98:6-101:5**, **101:17-103:9**, **103:23-107:21**, **119:18-120:5**, **121:25-122:**5 and **137:16-25**

    a.     The testimony addresses a matter (the "Battle Mountain" incident) that has **already been ruled inadmissible**.  (Doc. 333)

    b.     The testimony is **not relevant**.  (FED.R.EVID. 401).

    c.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

3.5     **89:8-93:9** and **136:12-19**

    a.     The testimony is **not relevant**.  (FED.R.EVID. 401).

     b.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

3.6    **132:18-133:1**

     a.     The questions **assume facts not in evidence**.

     b.     The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

### 4.0  Deposition of Terry Bennett
(August 13, 2004) (Rule 30(b)(6))

4.1    *All* designated excerpts

     a.     The testimony addresses a matter (the "Battle Mountain" incident) that has **already been ruled inadmissible**.  (Doc. 333)

     b.     The testimony is **not relevant**.  (FED.R.EVID. 401).

     c.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

Era Av 4EH/PO/WO Lg24175/20070330

### 5.0  Deposition of Terry Bennett

(August 13, 2004) (Vol. II of II)

5.1     *All* designated excerpts

    a.    The testimony addresses matters (hearsay statements made by alleged witnesses) that have **already been ruled inadmissible**.  (Doc. 333)

    b.    The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

    c.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    d.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

### 6.0  Deposition of Thomas Berthe

(March 26, 2003)

6.1     **27:20-28:23** and **139:10-140:3**

    a.    The testimony refers to evidence (the NTSB Report and conclusions) which has **already been ruled inadmissible**.  (Doc. 196, 202, 386, 388)

    b.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    c.    The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

     d.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

     e.     The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)

6.2    **32:5-13**

     a.     The testimony refers to evidence (the OAS PowerPoint) which has **already been ruled inadmissible**. (Doc. 196)

     b.     The testimony is **not relevant**. (FED.R.EVID. 401).

     c.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

6.3    **61:10-19** and **61:2-62:13**

     a.     The testimony is **not relevant**. (FED.R.EVID. 401).

     b.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

     c.     The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**. (FED.R.EVID. 705.)

6.4    **130:18 - 131:6**, **133:6 - 137:5**, **140:24 - 142:3** and **144:7-12**

    a.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    b.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

    c.    The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

### 7.0  Deposition of Terry Cole

(July 1, 2003)

7.1    **165:10-17, 166:23-169:24** and **171:10-24**

    a.    The questions **assume facts not in evidence**.

    b.    The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

    c.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    d.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

7.2 **204:13-205:8**

    a.      The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**. (FED.R.EVID. 705).

    b.      The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**. (FED.R.EVID. 702.)

    c.      The testimony is **not relevant**. (FED.R.EVID. 401).

    d.      The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …" (**FED.R.EVID. 403**.)

7.3 Plaintiff cross-designates the following excerpts from this deposition:

    a.      **198:24-199:16**

## **8.0  Deposition of Tealeye Cornejo**

(September 13, 2005)

8.1 *All* designated excerpts

    a.      The testimony relates only to evidence (the NTSB Report and conclusions) which has **already been ruled inadmissible**. (Doc. 196, 202, 386, 388)

    b.      The testimony is **not relevant**. (FED.R.EVID. 401).

    c.      The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**. (FED.R.EVID. 705).

d.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

e.    The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

### 9.0  Deposition of Anthony P. Davis

(June 2, 2004)

9.1    **78:4-7, 79:25-84:20, 86:22-87:12, 107:13-108:3** and **108:9-110:10**

a.    The testimony is **not relevant**.  (FED.R.EVID. 401).

b.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

c.    The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

9.2    Plaintiff cross-designates the following excerpts from this deposition:

a.    **77:20-78:3, 118:1-118:23, 130:2-5, 130:16-20, 139:25-141:15,** and **154:1-16**

B-10

### 10.0  Deposition of Jutta Demers

(March 25, 2003)

10.1     **173:2-174:2**

    a.        The testimony is **not relevant**.  (FED.R.EVID. 401).

    b.        The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

### 11.0  Deposition of Les Hanberg

(November 18, 2003)

11.1     Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

11.2     Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

### 12.0  Deposition of Mark Jones

(August 13, 2004)

12.1     Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

12.2     Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

Era Av 4EH/PO/WO Lg24175/20070330

## 13.0  Deposition of Gus Lapthorne

(April 23, 2003)

13.1    Defendants did not identify any specific excerpts from this transcript on or before February 20, 2007.

13.2    Plaintiff reserves all objections to any excerpts identified by the defendants after February 20, 2007.

## 14.0  Deposition of Richard (Lash) Larew

(October 1, 2003)

14.1    **57:2-12, 60:24-25, 63:17-25, 64:13-18, 68:12-69:2, 69:16-24** and **71:3-6**

    a.    The testimony addresses a matter (payments from USAU) that has **already been ruled inadmissible**.  (Doc. 196)

    b.    The questions **assume facts not in evidence**.

    c.    This testimony is barred by the **collateral source rule**.

    d.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    e.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

Era Av 4EH/PO/WO Lg24175/20070330

14.2   **65:6-13** and **66:2-13**

    a.    The testimony addresses a matter (the OAS PowerPoint) that has **already been ruled inadmissible**.  (Doc. 196 and 333)

    b.    The questions **assume facts not in evidence**.

    c.    The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

    d.    The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

    e.    The testimony is **not relevant**.  (FED.R.EVID. 401).

    f.    The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

## 15.0  Deposition of Clifford Mitchell

(September 24, 2003)

15.1   **55:15-56:10**

    a.    The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

15.2   **76:3-77:7**

    a.    The testimony addresses a matter (the OAS PowerPoint) that has **already been ruled inadmissible**.  (Doc. 196 and 333)

b.     The questions **assume facts not in evidence**.

c.     The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

d.     The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

e.     The testimony is **not relevant**.  (FED.R.EVID. 401).

f.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

15.3   Plaintiff cross-designates the following excerpts from this deposition:

a.     **78:3-13, 118:22-119:24, 130:4-17** and **138:12-139:2**

## 16.0  Deposition of George Neufeld

(March 27, 2003)

16.1   Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

16.2   Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

B-14

**17.0  Deposition of Richard Oeder**

(September 24, 2003)

17.1    Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

17.2    Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

**18.0  Deposition of Ron Ortuso**

(March 27, 2003)

18.1    Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

18.2    Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

**19.0  Deposition of Stephen Rauch**

(June 3, 2004)

19.1    *All* designated excerpts

a.      The testimony addresses matters (the OAS PowerPoint and Rauch's witness interviews) that have **already been ruled inadmissible**.  (Doc. 196 and 333)

b.      The questions **assume facts not in evidence**.

B-15

c.     The testimony contains **inadmissible hearsay statements** and **hearsay within-hearsay**.  (FED.R.EVID. 705).

d.     The testimony contains the **unreliable opinions of lay witnesses whose qualifications and methodology are unknown**.  (FED.R.EVID. 702.)

e.     The testimony is **not relevant**.  (FED.R.EVID. 401).

f.     The testimony should be excluded because the testimony's limited (at best) probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, [or] waste of time …"  (**FED.R.EVID. 403**.)

19.2    Plaintiff cross-designates the following excerpts from this deposition:

a.     **96:14-16, 97:15-17, 104:1-19, 115:14-116:9, 122:8-11, 136:25-139:23** and **209:17-210:6**

### <u>20.0  Deposition of Thomas Young</u>

(September 25, 2003)

20.1    Plaintiff has no objections to the excerpts of this deposition that were provided to plaintiff's counsel on or before February 20, 2007.

20.2    Plaintiff reserves all objections to any other excerpts identified by the defendants after February 20, 2007.

## CERTIFICATE OF SERVICE

*Era Helicopters, LLC v. UNC Airwork Corp. et al.*
D.Alaska Case No. A02-0131 CV (JKS)

[XXXX]    I hereby certify that on _____**March 30, 2007**_____,
I electronically filed the foregoing with the Clerk of Court using the CM/ECF
system which will send notification of such filing to the following e-mail
addresses:

**For Defendants UNC Airwork Corp.**
**and Dallas Airmotive, Inc.**
David A. Devine, Esq.
Ken Eggers, Esq.
GROH EGGERS, LLC
3201 C Street, Suite 400
Anchorage, AK  99503
Tel. (907) 562-6474
Fax (907) 562-6044
EMail *devined@groheggers.com*
      *wardm@groheggers.com*

**For Defendant Pratt & Whitney**
**Canada Corp.**
William F. Brattain II
BAKER BRATTAIN, L.L.C.
N Street Plaza
821 N Street Suite 101
Anchorage, AK  99501
Tel. (907) 277-3232
Fax (907) 272-4850
EMail *brattain@bakerbrattain.com*
      *williamfbrattain@hotmail.com*

_____s/ Jeffrey J. Williams_____

Jeffrey J. Williams, Esq.
LAW OFFICES OF JON A. KODANI

**Attorneys for Plaintiff**
**Era Aviation, Inc.**

2200 Michigan Avenue
Santa Monica, CA 90404-3906
Tel: (310) 453-6762
Fax: (310) 829-3340
**Email: *lojak@kodanilaw.com***